PEARCE v. MICHIGAN HOME AND TRAINING SCHOOL.

MASTER AND SERVANT—DEATH OF STATE INSTITUTION EMPLOYEE
MURDERED ON HIGHWAY BY INMATE NOT IN COURSE OF EMPLOY-
MENT.

> Where a laundress in a State institution was murdered by
> one of the inmates on a public highway about a quarter
> of a mile away on a Saturday afternoon, after deceased's
> work was done for the day, and while she was on her
> way to visit her children, her death did not occur in the
> course of her employment, within the meaning of the
> workmen's compensation act.[1]

Certiorari to Department of Labor and Industry.
Submitted June 4, 1925.    (Docket No. 40.)    Decided
July 16, 1925.

Albert Pearce, guardian of Joy P. and James Burke,
infants, presented his claim for compensation against
the Michigan Home and Training School for the acci-
dental death of Blanche Burke in defendant's employ.
From an order awarding compensation, defendant and
the State Accident Fund, insurer, bring certiorari.
Reversed, and order vacated.

*Roy Andrus* (*Kerr, Lacey & Scroggie,* of counsel),
for appellants.

*George W. Des Jardins,* for appellee.

FELLOWS, J.    Plaintiff is the guardian of the two
minor children of Blanche Burke, who was an em-
ployee of defendant Michigan Home and Training
School, a State institution located at Lapeer, which will
hereafter be referred to as the institution.    Mrs.
Burke was employed in the mangle room of the

---

[1] Workmen's Compensation Acts, C. J. § 72.
On recovery of compensation where workman suffers injury
from assault, see notes in L. R. A. 1916A, 309; L. R. A. 1918E, 498.

laundry.   The laundry closed Saturday noon and invariably Mrs. Burke had a half holiday Saturday afternoons.   Her children were at plaintiff's home and it was her custom to visit them each Saturday afternoon. Frequently her brother-in-law, Mr. Burke, took her there in his machine; plaintiff also took her there in his machine, and at other times she walked. Saturday afternoon, July 26, 1924, Mrs. Burke had her usual half holiday.   In the afternoon of that day her dead body was discovered in the bushes by the side of the highway usually traveled by her to plaintiff's residence and some distance, at least a quarter of a mile, from the institution grounds.   An examination disclosed there had been no criminal assault.   A few days afterwards, one of the inmates of the institution confessed to the murder.

Defendants insist that the death of Mrs. Burke did not arise out of or in the course of her employment. Other points are also raised, but we need not consider them as it is clear upon this record that her unfortunate death did not occur in the course of her employment.   She had finished her work for the week, had left the premises of her employer and was at least a quarter of a mile away; she was in the performance of no duty to her employer but upon a mission entirely of her own; she was mistress of her own time and could go and come as she pleased.   We have followed and quoted the rule laid down by the supreme court of Massachusetts in *McNicol's Case*, 215 Mass. 497 (102 N. E. 697, L. R. A. 1916A, 306).   We quote from that case:

"It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform.   It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required

to be performed, and the resulting injury.    Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment.    But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.    The causative danger must be peculiar to the work and not common to the neighborhood.    It must be incidental to the character of the business and not independent of the relation of master and servant.    It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In *Lipinski* v. *Sutton Sales Co.*, 220 Mich. 647, this court said:

"An examination of the cases where the accident was upon the street and liability was sustained will disclose that in each case the employee was at the time of the accident in the discharge of his duties to the employer and the accident arose out of the discharge of such duties."

In *Morey* v. *City of Battle Creek*, 229 Mich. 650, Mr. Justice Bird, speaking for the court, said:

"Applying this rule as construed by the court, was Kleagle, when killed, within the zone of the compensation law?    Kleagle had been dismissed for the day. He was on his way home, or to the Avery barn.    When injured he had left the vicinity of the work and was three-quarters of a mile distant.    After he left his work he was no longer under the direction or control of the city.    He was on no errand for the city, and was as much beyond the jurisdiction of the city when killed as though he had been ten miles away.    We think, under no reasonable consideration of the conceded facts, can it be said the accident arose out of and in the course of his employment."

See, also, *Hills* v. *Blair*, 182 Mich. 20; *Guastelo* v. *Railroad Co.*, 194 Mich. 382 (L. R. A. 1917D, 69); *Zoltowski* v. *Ternes Coal & Lumber Co.*, 214 Mich. 231; *Sichterman* v. *Kent Storage Co.*, 217 Mich. 364 (20 A. L. R. 309); *Ballman* v. *D'Arcy Spring Co.*, 221 Mich. 582; *Reed* v. *Bliss & Van Auken Lumber Co.*, 225 Mich. 164.

The death of Mrs. Burke occurred under deplorable circumstances, but did not occur in the course of her employment, and unless it so occurred her employer is not liable under the workmen's compensation act.

The award must be vacated.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, and WIEST, JJ., concurred.   MOORE, J., did not sit.