FAVORITE v. KALAMAZOO STATE HOSPITAL.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — ACCIDENT MUST ARISE OUT OF AS WELL AS IN COURSE OF EMPLOYMENT TO JUSTIFY AWARD.

In order to justify an award under the workmen's compensation act, it must be found, not only that the accident arose in the course of the employment, but that it also arose out of such employment.

2. SAME — FALL ON ICY WALK ON EMPLOYER'S GROUNDS WHERE, EMPLOYEE REQUIRED TO LIVE MEETS REQUIREMENTS OF STATUTE. JUSTIFYING AWARD.

A nurse subject to emergency calls when off duty and required to live in a "home" on the hospital grounds, located about 20 rods from the building in which she worked,. who fell on an icy walk connecting the two buildings,. and was injured, while returning to the "home" at the close of her work period, was injured in an accident arising out of and in the course of her employment, within the meaning of the workmen's compensation act.   WIEST,, J., dissenting.

Certiorari to Department of Labor and Industry.. Submitted January 11, 1927.   (Docket No. 61.)   Decided June 6, 1927.

Daisy M. Favorite presented her claim for compensation against the Kalamazoo State Hospital and the State Accident Fund, insurer, for an accidental injury in defendant's employ.   From an order denying compensation, plaintiff brings certiorari.   Reversed and remanded.

*Thomas, Shields & Silsbee (Clayton F. Jennings,* of counsel), for appellant.

*Roy Andrus,* for appellees.

[1]Workmen's Compensation Acts, C. J. § 63; [2]Id., C. J. §§ 67, 68, 75; L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1916F, 896; 28 R. C. L. 801; 3 R. C. L. Supp. 1596; 4 R. C. L.. Supp. 1856; 5 R. C. L. Supp. 1568; 6 R. C. L. Supp. 1756.

SHARPE, C. J.   The findings of the commission, based on facts which are not in dispute, disclose that on January 18, 1926, plaintiff was employed in the defendant hospital as a nurse; that she and the other nurses lived in a dwelling on the hospital grounds, called the "Nurses' Home," located about 20 rods from the building in which she worked; that a concrete sidewalk led from one of these buildings to the other; that plaintiff's regular hours of work were from 8 in the morning until 8 at night, but she was subject to be called in an emergency at any time, and she could not absent herself from the grounds of the home without permission after 10:30 at night; that, on the evening of the day above stated, plaintiff left the place of her employment about 8 o'clock to go to the home; that in passing along said walk she slipped and fell on the icy surface thereof, and sustained quite severe injuries.

Her claim for compensation was resisted by the defendants on the ground that the accident did not arise out of and in the course of her employment.   The commission found that the accident arose in the course of her employment, but that it did not arise out of such employment, and declined to make an award. Both of these requirements must be met to justify an award.   *Sichterman* v. *Kent Storage Co.,* 217 Mich. 364 (20 A. L. R. 309).   That the accident arose in the course of plaintiff's employment is, we think, clearly established under our holding in *Brink* v. *Lumber Co.,* 229 Mich. 35, and cases cited therein.

We feel constrained to disagree with the commission in their finding that it did not arise out of her employment.   The nurses' home on the hospital grounds was provided as a place in which these employees should live.   It is apparent that one of the purposes of maintaining it was to secure the proximity of the nurses to the building in which those under

their care were kept, so that they might quickly respond to a call at other than their regular hours of work. It was for this reason that their contracts of employment required them to remain at the home during certain hours when off duty. It seems clear that, while going to and returning from the home, plaintiff was in the ambit of her employment. A concrete walk was provided, on which she might travel. Her use of it was no different from that to which the hallways and stairs in the hospital buildings would have been put, had the living quarters of the nurses been located therein. The accident was directly attributable to her employment. While her rest period had arrived, she might, under her contract of employment, have been called into service, had an emergency arisen requiring it, at any moment after she had reached the home, had she got there in safety.

It is urged, however, that her accident was due to the icy condition of the walk, one of the common risks to which the general public is exposed, and therefore not incidental to her employment. The walk leading from the hospital building to the nurses' home was not placed there by the public, or designed for its use. While occasionally used by visitors, or by persons having business at the hospital, it was a private walk on the hospital grounds, constructed for the use of its employees. By reason of her employment, plaintiff was passing along it at the time of the accident, and the hazard of its icy condition was incidental thereto.

*Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916A, 310), relied on by defendant, is, we think, easily distinguishable. In that case, the employee had reached his home city after a trip on defendant's business. He was free to go where he pleased. He was on his way to his home. When approaching a street car, he slipped and fell on the icy pavement. It

was held that the risk he encountered was one common to all persons using the public street at that time.

The distinction between different classes of street accidents was pointed out in *Kunze* v. *Detroit Shade Tree Co.,* 192 Mich. 435 (L. R. A. 1917A, 252). In that case the person injured was performing a duty which took him from place to place in the city, and it was held that the nature of his employment exposed him to the risks incidental to the use of the public streets, and that an injury, caused by being struck by an automobile, arose out of his employment.

The liability of the employer in cases more or less similar to that here considered is discussed in the annotations found in 20 A. L. R. 323 and 16 N. C. C. A. 898, and the cases therein cited. We refer to but one. In *Re Harraden,* 66 Ind. App. 298 (118 N. E. 142), an insurance agent, injured, in a town to which he had been sent by his company to transact business for it, by slipping on an icy sidewalk while proceeding from his train to an hotel, was awarded compensation. After reviewing at length the authorities in which injuries resulting from exposure to conditions due to the weather or natural elements are discussed, the court said:

"Where the employment of the injured person requires him to be at the place where his injury is received, and he is in fact at such place in pursuance of the discharge of the duties of his employment, the risk thereby encountered is held to be incident to such employment, though the injury may have resulted from conditions produced by the weather to which persons generally in that locality were exposed."

The order denying compensation is set aside, and the record remanded to the commission to fix the amount of compensation to which plaintiff is entitled under the law.

BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred with SHARPE, C. J.

WIEST, J. (*dissenting*).    I cannot concur in the opinion of the Chief Justice.    It may be conceded that the accident happened in the course of the employment, but, as said by Mr. Justice STEERE in *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916A, 310) :

"An employee may suffer an accident while engaged at his work or in the course of his employment which in no sense is attributable to the nature of or risks involved in such employment, and therefore cannot be said to arise out of it.    An accident arising out of an employment almost necessarily occurs in the course of it, but the converse does not follow.    1 Bradbury on Workmen's Compensation, p. 398.    'Out of' points to the cause or source of the accident, while 'in the course of' relates to time, place, and circumstances.    *Fitzgerald* v. *Clarke & Son,* 2 K. B. (1908) p. 796."

In that case this court considered the rule of law as though the deceased was injured by slipping on ice while in the course of his employment but held that the accident did not arise out of the employment because "it was not a hazard peculiarly incidental to or connected with deceased's employment, and therefore is not shown to have a causal connection with it, or to have arisen out of it."    The reasoning in that case is decisive of this and finds approval, by citation, in *Donahue's Case,* 226 Mass. 595 (116 N. E. 226, L. R. A. 1918A, 215).    In the latter case an employee, while walking along the street, in the course of his employment, slipped upon the ice and was injured. The court held:

"As the hazard of slipping on the ice in the street was not a causative danger peculiar to the claimant's employment, the injury received could not properly be found to have arisen out of the employment."

It was also said:

"It was a danger due to climatic conditions to which persons in that locality, however employed or if not employed at all, were equally exposed."

Unless there is a distinction to be drawn between a public and a private walk, the issue at bar must be ruled by the *Hopkins* and *Donahue Cases.* No good reason can be given for saying, if the employee slips on ice upon the walk while in the course of employment, there is a causal relationship with the employment if the walk is on the premises of the employer and no such relationship if the walk is in the street. No matter where the walk is situated the hazard is the same climatic one, involves a risk common to all mankind, and one not inherent in the employment in one place rather than another.

In *Kowalek* v. *Railroad Co.*, 229 N. Y. 489 (128 N. E. 888), it was said:

"The statute is not applicable to an injury which arises through a danger or hazard dissociated from or not inherent in the nature of the employment as its source and to which the employee would have been equally exposed apart from the employment. This conclusion is not affected by the fact that the employee would not, except for the employment, have been where such danger or hazard existed. An injury does not arise out of the employment unless the hazard causing it is, within rational apprehension, an attribute of or peculiar to the specific duties of the employment. The fact that the contract of employment exists and necessitates the acts of performance may or will occasion for the employee risks not reasonably incidental to the character of the work or employment. For the injuries caused by or flowing from these risks the statute does not direct or permit compensation."

The finding of the commission that the accident arose in the course of the employment but did not arise out of such employment was, in my judgment, right in fact and law and should be affirmed.