### SHANE v. ALEXANDER.

WORKMEN'S COMPENSATION — ACCIDENT EN ROUTE BETWEEN PART TIME JOBS.

Plaintiff, hired on part time basis to do janitor work in business block and bank upwards of half a block distant from one another, who was injured by fall on the public street while *en route* from one place to the other *held*, not entitled to compensation since injury did not arise out of and in course of employment, notwithstanding bank cashier and manager of building were the same person, where payment for respective services was made separately.

Appeal from Department of Labor and Industry. Submitted June 2, 1936. (Docket No. 19, Calendar No. 38,910.) Decided September 2, 1936.

Willis W. Shane presented his claim for compensation for accidental injuries against Rutgers Alex-

ander, individually and as cashier of the Loan & Deposit State Bank, Elizabeth and Ethel Alexander, employers, and Maryland Casualty Company and State Accident Fund, insurers. From award to plaintiff, defendants appeal. Reversed.

*Walter R. McLean* and *Richard I. Lawson,* for plaintiff.

*Alexander, McCaslin & Cholette (Roy Andrus,* of counsel), for defendants.

Toy, J. Defendants review by certiorari the order of the department of labor and industry, awarding plaintiff compensation for total disability arising from an injury occurring on March 7, 1935.

Appellants present one question for review, namely, did the accident arise out of and in the course of plaintiff's employment.

Nine years before the injury plaintiff was hired by the then cashier of the Loan & Deposit State Bank in Grand Ledge as a janitor for the bank. Since that time he has received from the bank its check of $15 per month for his services. Three months before the accident Rutgers Alexander employed plaintiff to do the janitor work of the Alexander Block, a building in Grand Ledge owned by the Alexander estate, which employment plaintiff undertook in addition to his duties as janitor of the bank, and for which he received the sum of $15 per month. Mr. Alexander was, at that time, cashier of the bank and also manager of the estate. Plaintiff was paid for his services separately, receiving each month, one check from the bank and one check from the estate. Neither position was a "full time job."

On the date of the accident, plaintiff went to the Alexander Block, fired the boiler and carried out the ashes. He then left that building and started for the bank building, to perform janitor services there, and when about four rods from the Alexander Block and about half a block from the bank building, and while on the public street, he fell and sustained the injury complained of. Plaintiff had no regular hours of employment, but performed his janitor work mainly at hours of his own selection, and fired the furnaces in the two buildings as required by varying weather conditions.

Plaintiff was not injured while employed as janitor for the Alexander estate. Neither was he performing his janitor duties for the bank at the time of his injury. He was proceeding from one job to the other. His injury did not arise out of or in the course of his employment as janitor of the Alexander Block, nor did it arise out of and in the course of his employment as janitor of the bank. We are constrained to hold therefore that the award made by the department of labor and industry is erroneous. See *Reed* v. *Bliss & Van Auken Lumber Co.,* 225 Mich. 164. This case cites several authorities holding that an accident does not arise out of and in course of employment, when it occurs while employee is on his way to work, and before he has reached the premises of his employer, or when he is on his way home from his employment and has left the employer's premises.

In *Dent* v. *Ford Motor Co.,* 275 Mich. 39, Mr. JUSTICE WIEST, speaking for the court said:

"In *Morey* v. *City of Battle Creek,* 229 Mich. 650 (38 A. L. R. 1039), this court applied the general rule excluding from the compensation law accidents

to an employee in going to and leaving the place of employment. There are exceptions to this general rule, but, to constitute an exception, there must be such a causal relation between the accident and the time and place thereof as to be an incident of the employment in order to bring the same within one arising not only out of employment but as well in the course of the employment.

"Defendant was not master, in any sense, of plaintiff's movements upon the public street.

"We note the tendency of some decisions in other jurisdictions to extend the terms, 'arising out of' and 'in the course of employment' to accidents happening on the way to and from work, but we are not prepared to depart from our previous holdings and adopt the theory that the employment created the necessity of going to and returning from the place of employment and such necessity was the cause or occasion of the employee meeting with an accident on a public street."

The award of the department of labor and industry is set aside and vacated, with costs to appellants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. POTTER, J., did not sit.