RUCKER *v.* MICHIGAN SMELTING & REFINING CO.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

   On appeal from department of labor and industry, matter of recovery of compensation for aggravation of a leg injury, not passed upon by department, is not discussed by Supreme Court.

2. WORKMEN'S COMPENSATION—INJURY "ARISING OUT OF" EMPLOYMENT—PROXIMATE CAUSE.

   An injury "arises out of" the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury (2 Comp. Laws 1929, § 8417).

3. SAME—LIBERAL CONSTRUCTION—PURPOSE OF ACT.

   The compensation law is to be construed liberally to provide indemnity for accidents peculiarly incidental to employment, but it was not intended to be health, accident, and old age insurance and spread general protection over risks common to all and not arising out of and in the course of employment.

4. SAME—LEG INJURY—EYE INJURY—PROXIMATE CAUSE.

   Employee who suffered a leg injury when struck by a pot full of slag, which dropped on the floor, was given first-aid treatment and then sent to a doctor's office in a downtown office building and after examination and treatment the doctor sent him home by taxicab at the expense of the employer's insurer, was not entitled to recover statutory sum of workmen's compensation for specific loss of eye sustained as a result of collision in which taxicab was involved, there being no causal connection between the two injuries as the eye injury came from a hazard to which the employee was equally exposed apart from his employment (2 Comp. Laws 1929, §§ 8417, 8426).

5. SAME—PROXIMATE CAUSE.

   To sustain liability for workmen's compensation arising from an accidental injury it is not enough to show that the injury could not have resulted if the employee had not been engaged in the employment or had not been at the scene of the accident at the particular moment but it must also be shown

that what he was doing at the time was in the course of employment and that he was exposed by the nature of the employment to the particular danger.

Appeal from Department of Labor and Industry. Submitted January 6, 1942. (Docket No. 4, Calendar No 41,678.) Decided March 17, 1942. Rehearing denied May 18, 1942.

Arthur Rucker presented his claim for injuries received while allegedly in the employ of Michigan Smelting & Refining Company. Award to plaintiff. Defendants appeal. Reversed and remanded.

*Dann & Atlas,* for plaintiff.

*Mason, Davidson & Mansfield (Walter A. Mansfield,* of counsel), for defendants.

BUSHNELL, J.   Plaintiff, Arthur Rucker, suffered a leg injury when he was struck by a pot full of slag, which dropped on the floor, while he was in the employ of defendant, Michigan Smelting & Refining Company. He was given first aid at defendant's plant and then sent to the office of Dr. Francis B. McMillan, located in the David Whitney Building, downtown Detroit. Doctor McMillan examined Rucker's leg, obtained X-rays which showed no bone injury, treated the leg with infrared rays, and applied an elastic bandage. Rucker complained of the pain in his leg, so Doctor McMillan sent Rucker home in a taxicab at the expense of defendant Maryland Casualty Company, for whom he was acting.

On the way home the taxicab was involved in a collision, after which Rucker was taken to the Receiving hospital in an unconscious condition, where he remained for three or four days. Upon his return home, he was attended by Doctor Preston, who found that his left eye was swollen and edematous.

Doctor Preston sent Rucker to the St. Aubin General Hospital where he remained from June 21st to August 2d.

As a result of the second accident Rucker lost the sight of his left eye. He brought proceedings for compensation which resulted in an award of $18 a week for 100 weeks for the specific loss of the eye. This award was affirmed on review by the department, which held as follows:

"The principal question before us for determination, however, is whether or not the plaintiff is entitled to compensation for the specific loss of his left eye which was sustained as a result of the second accident in the taxicab. If so, it will be unnecessary to determine the nature and extent of the plaintiff's disability, inasmuch as compensation for such disability could not begin until after the payment of 100 weeks for the specific loss of the said eye. * * *

"This is not an ordinary case of an employee leaving his work and sustaining an injury while on his way home and while the employer has no interest in his activities. In this case the defendant had an interest in the manner and means by which the plaintiff reached his home as a part of its care of his injuries. His injuries were so severe that he was given crutches to use in walking and if he had been allowed to go home on a street car or a bus, there was a substantial risk that the injuries might become aggravated and the defendant's physician felt it advisable that he be taken home in a taxicab at the expense of the defendant. Because of the defendant's statutory obligation of medical care this was to the distinct interest of the defendant. It follows that at the time of the taxicab accident, which resulted in the loss of the plaintiff's left eye, the plaintiff was traveling in a method designated by the defendant as a part of its care of his injuries. In our opinion the injury which the plaintiff received,

arising out of and in the course of such statutory care, is compensable and the plaintiff is entitled to compensation for 100 weeks for the specific loss of his left eye." [*]

Aggravation of the leg injury is argued but that question was not passed upon by the department, and we will determine only the legal question of whether the accident which occasioned the loss of vision in Rucker's left eye arose out of and in the course of his employment. See 2 Comp. Laws 1929, § 8417 (Stat. Ann. § 17.151).

We recently held in *Appleford* v. *Kimmel*, 297 Mich. 8, 12, citing *Pearce* v. *Michigan Home and Training School*, 231 Mich. 536, that the injury arises out of the employment—

"When there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed, and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected but after the event it must appear

[*] See 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160).— REPORTER.

to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.''

In the *Appleford Case* we also said (p. 14):

''No hard and fast rule can be laid down to cover all such situations. While it is generally held that injuries to an employee, incurred while going to and leaving the place of employment, are not compensable, exceptions arise because of the circumstances of the particular case.'' See authorities there cited.

The court said in *Simpson* v. *Lee & Cady*, 294 Mich. 460:

''The compensation law is to be construed liberally to provide indemnity for accidents peculiarly incidental to employment, but it was not intended to be health, accident and old age insurance and spread general protection over risks common to all and not arising out of and in the course of employment.''

It is argued that Rucker was still under the control of his employer while traveling from Doctor McMillan's office to his home under the doctor's instructions. Although Doctor McMillan, because of his connection with the employer and the insurance company, might be regarded as their agent, the taxicab company, which is not a party to this action, is an independent contractor for whose torts neither Rucker's employer nor its insurer would normally be liable.

There is no causal connection between the leg injury received at the plant and the eye injury received in the taxicab collision. The chain of causation was broken and the eye injury came ''from a hazard to which the workman would have been equally exposed apart from the employment,'' *Appleford* v. *Kimmel, supra,* p. 12.

Decision in the instant case is controlled by *Thier v. Widdifield,* 210 Mich. 355, where an employee was killed by a stroke of lightning during the course of his employment. This court held in that case, as we must hold here, that the accident was not one "arising out of" the employment. It is not enough to say that the eye injury could not have resulted if Rucker had not been engaged in the employment or had not been in the taxicab at the particular moment. It must be shown that what he was doing at the time was not only in the course of his employment but that he was exposed by the nature of the employment to this particular danger.

The award of the department is vacated and the cause is remanded for further proceedings not inconsistent herewith relative to claim for compensation for other injuries. No costs will be allowed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.