DANIEL *v.* MURRAY CORPORATION OF AMERICA.

1. WORKMEN'S COMPENSATION—INJURY ON EMPLOYER'S PARKING LOT EN ROUTE HOME.

Where plaintiff who had finished his work, punched the time clock, crossed a public street and entered a parking lot, furnished by defendant as an incident of the employment and for the exclusive use of its employees, slipped into a hole, fell to the ground and fractured his left clavicle, his injury did not arise out of and in the course of his employment, since he had no further work or duties to perform for the employer on that day.

2. SAME—PROXIMATE CAUSE—OUT OF EMPLOYMENT—DISASSOCIATED RISKS.

To arise "out of" the employment the injury sustained must have a causal connection with the work to be performed; must be one which follows as a natural incident to the employment, be connected with it, and not the result of a risk disassociated therefrom (CL 1948, § 412.1).

3. SAME—IN COURSE OF EMPLOYMENT.

An injury is received "in the course of" employment, as that term is used in the workmen's compensation act, when it comes while the workman is doing the duty which he is employed to perform (CL 1948, § 412.1).

---

* Continued from Vol. 325.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 58 Am Jur, Workmen's Compensation, §§ 217, 221.
[1, 5] Workmen's compensation: Injury to employee while in automobile parking lot. 159 ALR 1395.
[1, 5] Workmen's compensation: Injuries while entering or leaving place of employment, as arising out of and in the course of the employment. 49 ALR 424; 82 ALR 1043.
[2] 58 Am Jur, Workmen's Compensation, § 211.
[3] 58 Am Jur, Workmen's Compensation, § 212.
[4] 58 Am Jur, Workmen's Compensation, § 209.

4. SAME—PROXIMATE CAUSE—EQUAL EXPOSURE TO HAZARD APART FROM EMPLOYMENT.

Under the test that an injury, to be compensable under the workmen's compensation act, must have arisen out of and in the course of the employment, an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment would not be compensable (CL 1948, § 412.1).

5. SAME—PROXIMATE CAUSE—PREMISES OF EMPLOYER.

An injury to be compensable under the workmen's compensation act must have arisen out of and in the course of the employment and have some causal connection between the injury and the employment more than the mere fact that the employee was on premises of the employer which had been furnished by the employer for the use and benefit of the employee as an incident of the employment (CL 1948, § 412.1).

BUSHNELL, BUTZEL, and CARR, JJ., dissenting.

Appeal from Workmen's Compensation Commission. Submitted June 16, 1949. (Docket No. 27, Calendar No. 44,088.) Decided October 10, 1949.

Mike Daniel presented his claim for compensation against the Murray Corporation of America, employer, for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Reversed and remanded.

*Charfoos, Gussin & Weinstein (Irving Kroll, of counsel), for plaintiff.*

*Buell A. Doelle, for defendant.*

BUSHNELL, J. *(dissenting)*. A few minutes after midnight on February 5, 1947, plaintiff Mike Daniel finished his work, punched the time clock, and left his place of employment at defendant's plant No. 5 on Clay avenue in the city of Detroit. He crossed

the street and entered a parking lot, which was provided by defendant for the convenience and exclusive use of those employed in its tool and die division. While walking on this lot towards his automobile, Daniel slipped "into a hole" and fell to the ground. He was given first-aid treatment at the plant, and the next day an X-ray examination disclosed "a fracture of the left clavicle over-riding a loose fragment." Because this was considered by his employer to be an outside injury, he was advised to secure treatment from his own physician.

An award of the deputy commissioner was sustained on review by the commission in an opinion which said in part:

"The situation is somewhat analogous to that in *Favorite* v. *Kalamazoo State Hospital*, 238 Mich 566, where a nurse slipped on some ice on a sidewalk on the premises owned and controlled by the institution of which she was an employee. The sidewalk was only occasionally used by the public. The accident occurred while the nurse was walking on the private sidewalk to her living quarters which also were on the employer's premises. At the time the accident occurred she was neither at the place of her employment nor performing any service for her employer. In both cases the employee had left the place of employment and was en route home. The nurse fell on a private sidewalk. The plaintiff fell on a private parking lot.   *   *   *

"As a matter of law, we can see no difference in the legal principle here involved from that decided in *Favorite* v. *Kalamazoo State Hospital*, *supra*. In our opinion, the decision in the *Favorite Case* is controlling."

Defendant says the sole question is:

"May an employer be required to pay workmen's compensation benefits to an employee who is injured in a fall on a parking lot which is operated gratui-

tously by the employer for the sole benefit of its employees, when the employee had terminated his employment for the night and crossed a public highway to reach the parking lot and obtain his automobile for the purpose of driving to his home for the night?"

In support of its position it argues that the authorities cited by the commission are distinguishable, and that among others, *Pearce* v. *Michigan Home & Training School*, 231 Mich 536; *Haggar* v. *Tanis*, 320 Mich 295; and authorities therein cited, are controlling.

In the *Pearce Case* this Court followed the reasoning of Chief Justice Rugg in *McNicol's Case*, 215 Mass 497 (102 NE 697, LRA1916A 306). The *McNicol's Case* was recently cited in *Appleford* v. *Kimmel*, 297 Mich 8. Since the *McNicol's Case* the Massachusetts supreme judicial court on June 1, 1945, speaking though Mr. Justice Qua, now Chief Justice Qua, decided the *Rogers's Case*, 318 Mass 308 (61 NE2d 341, 159 ALR 1394). The facts in that case are almost identical with the ones here. That court said:

"The crucial findings of subsidiary facts upon which this case must be decided are these. The employee worked in a hat factory. He was accustomed to come to work in an automobile of a fellow employee which would be parked in a 'parking lot' owned and 'furnished' by the employer where the employer permitted its employees to park. At the time of the injury the automobile was parked as usual in the 'parking lot.' The employee left it to go to work, and while still on the lot and 'going down an incline,' he fell and broke an ankle. 'It was no part of the duty of the employee to use an automobile to reach his work.' The furnishing of the 'parking lot' was 'no part of the contract of employment.' Although the board did not expressly find that this lot was opposite the employer's factory,

the uncontradicted evidence both of the employee and of the insurer was to that effect, and that fact seems to have been assumed. It was necessary, however, to walk a short distance down the street to the plant entrance.

"These facts require as matter of law a decree for the employee. Although the employee was not obliged to come to work in an automobile, and the employer was not obliged by contract to furnish the 'parking lot,' yet it is plain that it did furnish the lot as an incident of the employment, and that the employee, while actually on his employer's premises and on his way to the place where his day's work was to be performed by a route which he was permitted and expected to take, fell and was injured. It is of no consequence that a street intervened between the part of the employer's premises where the employee fell and the part where he was to work. The 'parking lot' was used as an adjunct to the factory. The case stands just as it would if the automobile had been parked on the same lot on which the factory building stood and the employee had fallen while walking from the automobile to the factory door. The injury arose out of and in the course of the employment."

See, also, authorities therein cited.

It is unnecessary to add to the length of this opinion by distinguishing the factual situations in the Michigan cases cited from those in the instant case. The reasoning of the Massachusetts case is inescapable, and when applied to the facts in the instant case, requires affirmation of the commission's order. It conforms to the tests laid down in *Haggar* v. *Tanis, supra.*

The award should be affirmed, with costs to appellee.

CARR, J., concurred with BUSHNELL, J.

BUTZEL, J., concurred in the result.

BOYLES, J.  Plaintiff's injury did not arise out of
and in the course of his employment and for that
reason the award should be set aside.  The accident
occurred after plaintiff's work for his employer was
ended for the day.  He was on his way home after
leaving the place of his work and had no further
work or duties to perform for his employer on the
day he was injured.  This case is analogous to the
rule laid down by this Court in *Pearce* v. *Michigan
Home & Training School,* 231 Mich 536, and many
other decisions of this Court denying compensation
on the ground that there was no causal connection
between the injury and the employment.  This Court
has consistently held that an injury to an employee
while merely on his way to or from work, without
any causal connection between his injury and his
work, and without any duty to perform at that time
for the employer, does not arise out of and in the
course of the employment.  A few of such cases are
as follows:  *Lipinski* v. *Sutton Sales Co.,* 220 Mich
647; *Stocker* v. *Southfield Co.,* 244 Mich 13; *Dent* v.
*Ford Motor Co.,* 275 Mich 39; *Shane* v. *Alexander,*
277 Mich 85; *Furino* v. *City of Lansing,* 293 Mich
211; *Simpson* v. *Lee & Cady,* 294 Mich 460; *Rucker*
v. *Michigan Smelting & Refining Co.,* 300 Mich 668;
*Meehan* v. *Marion Manor Apartments,* 305 Mich
262; *Rector* v. *Ragnar-Benson, Inc.,* 313 Mich 277;
*Murphy* v. *Board of Education of the School Dis-
trict of the City of Flint,* 314 Mich 226; *Haggar* v.
*Tanis,* 320 Mich 295; *Trumble* v. *Michigan State Po-
lice,* 325 Mich 237.

In the above cases, based on the same question on
which decision depends in the instant case, this
Court has held that the injury did not arise out of
and in the course of the employment.

In *Favorite* v. *Kalamazoo State Hospital,* 238
Mich 566, relied upon by the commission in awarding
compensation in the case at bar, the employee, a

nurse who was off duty but at the time subject to call for work by the employer, fell and was injured while going from the building where she worked, to the nurses' home on the hospital grounds. She was required to live at said home, and was subject to emergency call for work at any time. She was still within the ambit of her employment when injured. The difference between that situation and the case at bar is obvious. In the case now before us plaintiff's work was ended for the day, and he was on his way home from work without further duties for his employer when injured by a fall that had no possible causal connection with his employment. Under our decisions, the mere fact that he fell and was injured while in a parking lot maintained on the employer's premises for the use of the employee is not sufficient to establish a causal connection between the injury and his employment.

I agree with Mr. Justice BUSHNELL that in the *Pearce Case* (1935), *supra,* this Court followed the reasoning of the *McNicol's Case,* 215 Mass 497 (102 NE 697, LRA1916A 306), decided in 1913. In 1941 Mr. Justice BUSHNELL, writing for the Court in *Appleford* v. *Kimmel,* 297 Mich 8, also quoted from the *McNicol's Case* and recognized its rule as the law of this State. Since the *McNicol's Case* was decided by the Massachusetts supreme court, the statute law of that State was changed in 1927, and in 1945 as an apparent consequence of such change that court in deciding the *Rogers's Case* (318 Mass 308 [61 NE2d 341, 159 ALR 1394]), liberalized its holding in the *McNicol's Case* in accordance with the statute. The *Rogers's Case,* relied upon by Mr. Justice BUSHNELL as the authority for a new rule to be adopted in this State, is not controlling here. Unlike Massachusetts, the statute law of this State has not been changed in that respect.

For that reason this Court does not adopt the test

used by the Massachusetts supreme court in the *Rogers's Case, supra,* namely, that the right to compensation is to be measured by whether the injury was sustained while on the premises of the employer furnished by the employer for the use of its employees. In that case the employee was injured while on such parking lot preparatory to going to work. The Massachusetts statute (see 4 Annotated Laws of Massachusetts, 1948 Cum Supp, ch 152, § 26) allows compensation not only where an employee receives a personal injury arising out of and in the course of his employment, but also allows compensation for a personal injury "arising out of an ordinary risk of the street" while engaged "in the business affairs or undertakings of his employer;" and it expressly provides for compensation while using a motor vehicle in the performance of work "in connection with" the business affairs of his employer. In the *Rogers's Case* the Massachusetts supreme court held that an employee was entitled to compensation who had received a personal injury on a parking lot owned and provided by the employer for the use of its employees and while using a motor vehicle in going to or from work; that he was engaged in performance of work *in connection with* the business affairs or undertakings of his employer. Under the statute law of that State, the test followed by the Massachusetts supreme court is whether the employee at the time of his injury was performing some act "pertaining" to, or "incidental" to, his employment. *Nagle's Case,* 310 Mass 193 (37 NE2d 474); *Kubera's Case,* 320 Mass 419 (69 NE2d 673). There is no such provision in the Michigan statute and the *Rogers's Case, supra,* is not a precedent to be followed in this State under our statute law. In fact, our decisions are to the contrary.

The liberal provisions of the Massachusetts statute above referred to were added to the Massachu-

setts workmen's compensation law in 1927 (Massachusetts Acts and Resolves 1927, ch 309, § 3; Acts and Resolves 1930, ch 205). Prior to that time the Massachusetts supreme court adhered to the rule of the *McNicol's Case, supra,* still followed by this Court. In the *McNicol's Case,* decided September 12, 1913, that court said:

"In order that compensation may be due the injury must both arise out of and also be received in the course of the employment. Neither alone is enough.

"It is not easy nor necessary to the determination of the case at bar to give a comprehensive definition of these words which shall accurately include all cases embraced within the act and with precision exclude those outside its terms. It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in

a risk connected with the employment, and to have flowed from that source as a rational consequence."

The test thus applied in Massachusetts is still followed in this State. The *McNicol's Case, supra,* was quoted and relied upon by this Court in 1925 in *Pearce* v. *Michigan Home & Training School, supra.* The Court said:

"Defendants insist that the death of Mrs. Burke did not arise out of or in the course of her employment. Other points are also raised, but we need not consider them as it is clear upon this record that her unfortunate death did not occur in the course of her employment. She had finished her work for the week, had left the premises of her employer and was at least a quarter of a mile away; she was in the performance of no duty to her employer but upon a mission entirely of her own; she was mistress of her own time and could go and come as she pleased. We have followed and quoted the rule laid down by the supreme court of Massachusetts in *McNicol's Case,* 215 Mass 497 (102 NE 697, LRA1916A 306)."

In *Haggar* v. *Tanis, supra,* this Court set aside an award of compensation to an employee whose duties were to care for the furnaces located in 3 separate buildings, all of which were located on the east side of South Burdick street in Kalamazoo. While the employee's working hours were from 6 a.m. to 9 or 10 p.m., he always went to a restaurant for his meals. During the hours of his employment he was injured on Burdick street while crossing from the west to the east side after going to a restaurant for his lunch. Mr. Justice NORTH, writing for the Court, discussing and quoting from many decisions of this Court, in a unanimous opinion concluded as follows (syllabi):

"To arise 'out of' the employment the injury sustained must have a causal connection with the work

to be performed; must be one which follows as a
natural incident to the employment, be connected
with it, and not the result of a risk disassociated
therefrom (CL 1929, § 8417, as amended by PA
1943, No 245 *).

"An injury is received 'in the course of' employ-
ment, as that term is used in the workmen's compen-
sation act, when it comes while the workman is do-
ing the duty which he is employed to perform (CL
1929, § 8417, as amended by PA 1943, No 245*).

"Under the test that an injury, to be compensable
under the workmen's compensation act, must have
arisen out of and in the course of the employment, an
injury which cannot fairly be traced to the employ-
ment as a contributing proximate cause and which
comes from a hazard to which the workman would
have been equally exposed apart from the employ-
ment would not be compensable (CL 1929, § 8417,
as amended by PA 1943, No 245*).

"Plaintiff, a fireman for owner of three buildings
some four blocks apart but all located on the east
side of a street, was not entitled to workmen's com-
pensation by reason of such employment for injuries
received while returning easterly across such street
after eating his evening meal since his injury did
not arise out of nor was it in the course of his em-
ployment (CL 1929, § 8417, as amended by PA 1943,
No 245*)."

In 1941, Mr. Justice BUSHNELL, writing for the
Court in *Appleford* v. *Kimmel, supra* (297 Mich 8),
referred with apparent approval to many decisions
of this Court and also the Massachusetts decision in
the *McNicol's Case, supra*. The test applied and
followed was not *where* the injury occurred, but
*whether* it occurred while the employee was still
within the ambit of his employment. The plaintiff
was employed as assistant manager of a theater to
handle disturbances and call the police if necessary.

* CL 1948, § 412.1 (Stat Ann 1947 Cum Supp § 17.151).—RE-
PORTER.

On 2 different occasions several patrons had been ejected from the theater because of making a disturbance, and following the second occasion the disturbers attacked him on the street shortly after he had left the theater, after demanding that he apologize for the ejection. Conceding that it was a borderline case, the Court concluded that there was a sufficient causal connection between the injury and the performance of plaintiff's duties for his employer. The test used was not as to *where* the injury occurred; but was whether the employee was still within the ambit of his employment. Citing cases to that effect, the Court said:

"No hard and fast rule can be laid down to cover all such situations. While it is generally held that injuries to an employee, incurred while going to and leaving the place of employment, are not compensable, exceptions arise because of the circumstances of the particular case. *Morey* v. *City of Battle Creek,* 229 Mich 650 (38 ALR 1039). See, also, *Kunze* v. *Detroit Shade Tree Co.,* 192 Mich 435 (LRA1917A 252); *Clifton* v. *Kroger Grocery & Baking Co.,* 217 Mich 462; and *Simpson* v. *Lee & Cady,* 294 Mich 460. See annotation of authorities on compensation for an assault arising out of and in the course of employment in 112 ALR 1258 *et seq.*

"The facts presented in this record sustain the finding of the department of labor and industry that plaintiff's injury *arose out of and in the course of his employment.*"

The test followed by the commission in the instant case, under the Massachusetts rule, and which we are asked to adopt, was whether the employee was injured while on property owned and furnished by his employer as an "incident" of the employment for the benefit of the employee. In this State the test that has been followed is whether the employee, regardless of where his injury arose, either on or off

the premises of his employer, was injured while within the ambit of his employment, and whether there was a causal connection between the injury and the employment. The primary test under our statute is not *where* the injury occurred, but whether his injury arose out of and in the course of his employment. An employee may *not* be entitled to compensation although his injury arose while *on* the premises of his employer which were furnished by the employer for the use of the employee. In *Clark* v. *Chrysler Corporation,* 276 Mich 24, this Court set aside an award of compensation to an employee who was injured after his time for work had ended, by slipping on the cement floor of a gymnasium on the employer's premises furnished by the employer for the use of its employees. The employee was there for his own purposes, and his injury did not arise out of and in the course of his employment. The same rule was followed in *Horvath* v. *La Fond,* 305 Mich 69, where an award of compensation was set aside although the injury occurred on the premises of the employer and actually within the hours of employment in the business of the employer, where the employee was killed while assaulting a fellow employee in an argument connected with their work. The same result was reached by this Court in *Holloway* v. *Ideal Seating Co.,* 313 Mich 267, where an employee was denied compensation, although injured while on the premises of his employer during the hours of his employment by attempting to operate a machine he had been expressly instructed not to use. In *Luteran* v. *Ford Motor Co.,* 313 Mich 487, an employee was injured while on the premises of his employer, during the noon lunch hour, while watching other employees playing baseball. The injury did not "arise out of" the employment, *i.e.,* there was no "causal connection." The same rule

was followed in *Trumble* v. *Michigan State Police, supra,* decided June 29, 1949.

We have also on many occasions allowed or upheld an award of compensation when the injury occurred within the ambit of the employment, although the employee was injured while *not* on the premises of the employer. See *Mann* v. *Detroit Board of Education,* 266 Mich 271. Injuries to truck drivers, while on the public highway performing duties for the employer and on route within their employment, have been held compensable; while injuries which have occurred while the driver was off route and on his own business or pleasure, have been held not to have arisen out of and in the course of the employment. *Conklin* v. *Industrial Transport, Inc.,* 312 Mich 250.

The fundamental test in this State is that the injury, to be compensable, must have arisen out of and in the course of the employment—there must be some causal connection between the injury and the employment more than the mere fact that the employee was on premises of the employer which had been furnished by the employer for the use and benefit of the employee as an "incident" of the employment. That is not enough.

Reversed and remanded for entry of an order denying compensation.

Sharpe, C. J., and Reid, North, and Dethmers, JJ., concurred with Boyles, J.