## LYONS v. FORD MOTOR COMPANY.

Workmen's Compensation—Death of Employee While En Route Home in Employer's Car—Overtime Employment.
> Employer was not liable for benefits under workmen's compensation act for death of employee from traffic accident in employer's car while en route home at about 8 p.m., notwithstanding his presence on highway at that time was due to his having engaged in overtime employment for which occasions he was furnished a car for returning to his home.

Appeal from Workmen's Compensation Commission. Submitted April 5, 1951. (Docket No. 26, Calendar No. 44,954.) Decided June 4, 1951. Rehearing denied September 5, 1951.

Belva J. Lyons, widow of James G. Lyons, deceased, presented her claim against Ford Motor Company, employer, for compensation arising from his death. Award to plaintiff. Defendant appeals. Reversed.

*Franklin C. Forsythe* and *Conlin, Conlin & Parker,* for plaintiff.

*William T. Gossett* (*E. C. Starkey* and *F. A. Lux,* of counsel), for defendant.

References for Points in Headnotes

58 Am Jur, Workmen's Compensation, § 218.

Workmen's compensation: Injury while riding to or from work in employer's conveyance as arising out of or in course of employment. 10 ALR 169; 21 ALR 1223; 24 ALR 1233; 62 ALR 1438; 145 ALR 1033.

BUSHNELL, J.  Defendant Ford Motor Company was granted leave to appeal from an order of the workmen's compensation commission, affirming the deputy commissioner's award of compensation at the rate of $23 per week to plaintiff Belva J. Lyons, dependent widow of James G. Lyons.  The deputy commissioner found that Lyons' death was the result of an automobile accident while he was engaged in driving defendant's car, which was furnished by his employer "because of overtime employment."  Lyons was the editor of a publication issued by the Parts and Equipment Division of the Ford Motor Company.  He was also the coordinator of the division's recreational activities.  His regular hours of duty were from 8 a.m. to 4:30 p.m., but he was often required to work overtime.  He received no pay for extra hours, but was permitted to take off time from his regular work in order to equalize his total hours of employment.

Lyons' business headquarters were at the Ford Motor Company's Ypsilanti plant, located about 10 miles east of his home in Ann Arbor.  His work necessitated considerable travel at varying hours, and he was required to make frequent trips to Detroit in connection with the printing of the paper.

Prior to January 1, 1948, Lyons was permitted to use his own car on company business and was reimbursed for his expenses.  After that date, Ford, in keeping with "the understanding under which he was employed," furnished the transportation by assigning to Lyons a specific car from the Ypsilanti plant garage.  When he worked extra hours he was sent home in a car operated by a company driver.  Sometimes he would use his own car, or when circumstances required and permission was granted, he would drive a company car.

On June 2, 1948, Lyons drove in a company car to the Michigan Rotary Printing Company in Detroit

in order to "make up" defendant's publication. He left Detroit sometime after 5 p.m., and returned to the Ypsilanti plant. Lyons was not required to register in and out on a time clock, and there was no definite evidence as to when he reached the plant, although investigation by the manager of industrial relations, parts and equipment division, indicated that Lyons left the plant alone about 7:45 p.m. in the company car. It is stipulated that Lyons was killed while driving a company car which had collided, prior to 8 p.m., with a telephone pole on Washtenaw avenue between Ypsilanti and Ann Arbor.

Defendant concedes that Lyons was in the course of his employment from the time he left his office on the morning of June 2d until he returned to the Ypsilanti plant. The commission reasoned that, because of the performance of his assigned duties, Lyons was delayed beyond his usual departure time.

"Consequently, he was on the highway and subjected to the hazards thereof at the time and place of injury because of the delay enforced by the performance of his duties. * * * We are unable to find any good reason for deciding that the incidental stop at the defendant's plant automatically removed him from the course of his employment."

This reasoning is in accord with the view expressed by Mr. Justice SHARPE in *Phillips* v. *Fitzhugh Motor Company, ante,* 183, in which the writer concurred. He pointed out that there are certain exceptions to the general rule that injuries to an employee, while going to and from work, do not arise out of and in the course of employment. Authorities were cited covering cases where the contract of employment included conveyance of the employee to and from his place of work. Another exception to the general rule is where special services are rendered at a distance from the usual place of employment. See

authorities cited in the *Phillips Case* at page 190. The Court, however, without discussing the exceptions to the general rule, based its decision in the *Phillips Case* solely on *Daniel* v. *Murray Corporation of America,* 326 Mich 1.

The material facts in the instant case are indistinguishable from those in the *Phillips Case.* Phillips was furnished a car by his employer, not only for use in his employer's business, but also for his personal use. If recovery could not be had under the facts in the *Phillips Case,* then recovery must be denied here.

The award is vacated and the proceedings dismissed, with costs to defendant. The case is remanded for entry of an order denying compensation.

REID, C. J., and SHARPE, J., concurred with BUSHNELL, J. BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred in the result.