McLEMORE *v.* M. S. KNEE COMPANY.

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT BY APPEAL BOARD.
   Findings of fact by workmen's compensation appeal board are, in the absence of fraud, conclusive on the Court of Appeals (CL 1948, § 413.12).

2. SAME—EN ROUTE TO OR FROM EMPLOYMENT.
   Generally, an employee en route to or from work is not within the course of his employment, hence, an accidental injury resulting from a traffic hazard is not compensable (CLS 1961, § 412.1).

3. SAME—DEATH—TRAVELING TO TEMPORARY WORK FROM TEMPORARY RESIDENCE—ARISING OUT OF AND IN COURSE OF EMPLOYMENT.
   Employee who was temporarily residing about 20 miles away from site of job to which he had been sent by his employer to do urgently needed work, who used his own automobile to travel between temporary job site and his temporary residence, and who was killed in collision between his automobile and train while he was traveling from temporary residence to work, *held*, not to have received personal injury arising out of and in the course of his employment (CLS 1961, § 412.1).

4. COSTS—APPEAL FROM WORKMEN'S COMPENSATION APPEAL BOARD.
   No costs are allowed on appeal from decision of workmen's compensation appeal board denying compensation to widow of workman killed in traffic accident on grounds that he was not injured in course of his employment, when Court of Appeals affirmed the board.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 April 6, 1966, at

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 530 *et seq.*
[2, 3] 58 Am Jur, Workmen's Compensation § 217 *et seq.*
[4] 58 Am Jur, Workmen's Compensation § 543.

Grand Rapids.   (Docket No. 868.)   Decided September 13, 1966.   Rehearing denied October 14, 1966.  Leave to appeal granted by Supreme Court March 9, 1967.   See 379 Mich 752.   Appeal dismissed August 2, 1967, per stipulation.

Stella K. McLemore presented a claim against M. S. Knee Company and Employers Mutual Liability Insurance Company for benefits under the workmen's compensation act for the death of her husband, James Earl McLemore.   Her claim was denied by the hearing referee, and the denial was affirmed by the workmen's compensation appeal board.   Claimant appeals.   Affirmed.

*Luyendyk, Hainer & Karr* and *William S. Wilson,* for claimant.

*Cholette, Perkins & Buchanan* (*Edward D. Wells,* of counsel), for defendants.

BURNS, P. J.   Although the late Judge WATTS heard oral arguments on this case, his death occurred prior to preparation of the final opinion.

The sole question before this Court is whether the injury to and death of James Earl McLemore arose out of and in the course of employment, and is thus compensable under the workmen's compensation act.[1]

The deceased, James Earl McLemore, was an employee of defendant M. S. Knee Company of Grand Rapids at the time of his death on August 26, 1961.  He and his wife, Stella K. McLemore, resided in the city of Grandville.

Following a break-down of some sort at the duPont company plant in Montague, Michigan, which necessitated his employer's immediate attention, the deceased was told to report to the duPont plant.

---

[1] CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151).

The deceased, accompanied by Leroy Madison, a fellow employee, left Grand Rapids on August 21, 1961, and drove in his own automobile to Muskegon, some 20 miles south of Montague, where they took up temporary residence while employed at the duPont plant.

On August 26, 1961, while traveling from Muskegon to work at Montague, he was killed when his automobile was struck by a train.

Under the union contract to which the defendant M. S. Knee Company was a party at the time of the accident, union members were allotted 10 cents per mile for transportation and paid for travel time based on 1 hour for each 40 miles of travel to a job site. In addition, after an employee had reached his new job site, and while there, he was paid a subsistence allowance based on a formula determined by the distance of the job site from the nearest "charter" city, in this case Grand Rapids, computed at 10 cents per mile but with a maximum allowance of $9 per day. Once an employee had reached the job site, the mileage or subsistence allowance actually had nothing to do with miles traveled. The subsistence allowance formula was the same even though an employee might live in Montague.

The hearing referee denied compensation on the ground that appellant's decedent "did not receive a personal injury arising out of and in the course of his employment." This finding was affirmed by the workmen's compensation appeal board.

The facts in the present case are undisputed, and as stated in *Coates* v. *Continental Motors Corp.* (1964), 373 Mich 461, 466, 467:

"The scope of this Court's review in workmen's compensation cases is limited by CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186):

" 'The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said compensation commission.' "[2]

The question before us has often come before our Supreme Court. In *Graham* v. *Somerville Construction Co.* (1953), 336 Mich 359, a case involving a rather similar factual situation, Mr. Justice Carr, at pp 365, 366, stated:

"It has been repeatedly held that, as a general rule, an employee who is on his way to his home after completing his work at his place of employment is *not* within the course of such employment, and that an accidental injury resulting from a traffic hazard, or other intervening cause, is not compensable." (Emphasis supplied.)

See, also, *Morey* v. *City of Battle Creek* (1925), 229 Mich 650; *Lyons* v. *Ford Motor Company* (1951), 330 Mich 684; *Baas* v. *Society for Christian Instruction* (1963), 371 Mich 622.

While traveling from his hotel room in Muskegon to the job site at Montague, the decedent was not, as the hearing referee and the workmen's compensation appeal board found, within the course of his employment.

The judgment of the workmen's compensation appeal board is affirmed. No costs.

Fitzgerald, J., concurred.

---

[2] The powers and duties of the workmen's compensation commission referred to have been transferred to the workmen's compensation appeal board and the commission abolished. See PA 1955, No 62 (CLS 1961, § 408.1 *et seq.* [Stat Ann 1960 Rev § 17.6(7) *et seq.*]).