IN THE

# USPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

---

### SEPTEMBER TERM, 1923.

---

ELLA MOORE *et al.* v. CINCINNATI, N. O. & T. P. RY. CO.

(*Knoxville.* September Term, 1923.)

1. **MASTER AND SERVANT.** Evidence in compensation case held insufficient to show employee's movements were controlled by purpose of unlawfully boarding moving train.

Where decedent, while on his way home from work in defendant's railroad yards, crawled under a train and was killed, evidence *held*

---

*As to what constitutes serious and wilful misconduct within the meaning of the Workmen's Compensation Act, see notes in L. R. A., 1916A, 75, 243, 355; and L. R. A., 1917D, 133.

On injuries arising out of and in the course of employment, see notes in L. R. A., 1916A, 40, 232; L. R. A., 1917D, 114 and L. R. A., 1918F, 896.

On serious and wilful misconduct of employee as a bar to compensation, see note in 4 A. L. R., 116.

On questions of injuries received while going to and from work, see notes in L. R. A., 1916A, 331; L. R. A., 1917D, 119 and L. R. A., 1918F, 907.

insufficient to show that decedent's movements were controlled by the purpose of unlawfully boarding a moving train, so as to bar recovery of compensation. (*Post, pp.* 561-563.)

2. **MASTER AND SERVANT.** Employee held not guilty of willful misconduct within Compensation Act.

In an action under the Workmen's Compensation Act to recover for the death of decedent, killed while crawling under a train going in the direction of his home, *held,* that decedent was not guilty of such willful misconduct as, under section 10 of the act, would cut off recovery, where the alternative way, which decedent might have more safely followed in the exercise of caution, was not free from the difficulties of travel, or danger, and it was the custom of the defendant's employees to cross the tracks at the most convenient point. (*Post, pp.* 561-563.)

Laws cited and construed: Laws 1919, ch. 123.

3. **MASTER AND SERVANT.** Injury to employee while leaving place of employment held ''arising out of and in course of employment'' and compensable.

Where decedent, killed while crawling under a train going in the direction of his home, used an exit which was commonly used by other employees, and against which employer had made no provision for danger, and where in addition decedent's employment extended over the same territory that he was traversing when the accident occurred, under the equitable construction required by Workmen's Compensation Act, section 47, *held,* that the accident grew "out of and in the course" of decedent's employment, within the act. (*Post, pp.* 563, 564.)

Cases cited and approved: Patten Hotel Co. v. Millner, 145 Tenn., 638; Tennessee Chemical Co. v. Smith, 145 Tenn., 552; Johnson Coffee Co. v. McDonald, 143 Tenn., 505; Milne v. Sanders, 143 Tenn., 602.

4. **MASTER AND SERVANT.** Reviewing court may reach own conclusion on undisputed facts in compensation case.

ON PETITION TO REHEAR.

While the court will not disturb a finding of the trial judge on a question of fact in a workmen's compensation case, where there is evidence to support such finding, where there is no conflict of evidence, it is for the court to construe and give legal effect to the undisputed facts, and, in so doing, may properly reach a different conclusion from that of the trial court. (*Post, p.* 564.)

Case cited and approved: Milne v. Sanders, 143 Tenn., 603.

5. **EVIDENCE.** When evidence insufficient to establish fact in general stated.

Evidence is insufficient to establish a fact when it fails in a legal sense to establish the fact to such a degree or extent as is necessary to entitle it to judicial consideration. (*Post, pp.* 565, 566.)

---

FROM MORGAN.

---

Appeal from the Circuit Court of Morgan County.— HON. J. H. S. MORISON, Judge.

W. Y. BOSWELL, for Ella Moore and others.

H. M. CARR, for Railway Co.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an action brought in the circuit court of Morgan county under the Workmen's Compensation Act (Pub. Laws 1919, chapter 123) for the death of the deceased husband and father of plaintiff, who was an employee of the defendant. The court below dismissed the petition, and the plaintiffs have appealed.

It appears that Moore, the deceased, was and had been for some years employed as a laborer in and about that portion of the premises of the defendant known as the repair yard located along the east bank of Emory river at Oakdale; the tracks of this repair yard, running north and south, lying west of the more actively used tracks of the switch yard of the defendant, which extended parallel and being some six or eight in number, including two main line tracks. East of these yards was a dirt road leading northwardly to the home of the deceased, some three-quarters of a mile distant. It was the custom, and had been for years, for the men working in the car repair section of the yards at Oakdale to pass over the intervening tracks on the east at whatever point happened to be most convenient to them; no specified or prepared way having been provided. It appears that a path, more or less obstructed, ran along the riverside and west of the tracks extending north, which could be and was at times used as a way of approach to the repair yard by some of the men working about and on these repair tracks who lived northwardly, and by using this pathway paralleling the tracks and making their way over and around the obstructions therein it was possible to get to and from the homes of these men living on the east side without crossing other than the two main line tracks, thus to some extent reducing the danger incident to crossing the yards. It further appears that the deceased not only worked as a laborer on and about the tracks located on the west side of the yards and known as the repair tracks, but he was from time to time engaged in cleaning up the tracks in the switch yard proper to the east of the repair tracks and over which it

was his custom, and that of his fellow workmen, to pass to and from their work.

On the day of the accident the deceased, with two companion workmen, upon the blowing of the 3:30 p. m. signal whisle, started home, and walked northwardly along the repair tracks until they reached the stock house, which blocked their course, and they then turned east and climbed by an established path up a cinder bank, a few feet in height, which seems to have divided the two sections of the Oakdale freight yards; and then, instead of turning north again, as they might possibly have done, and following the obstructed path, already described, they continued east across the switch yards in a direction leading toward a point on the east side of the yards where a pathway is located leading up a bank from the switch yards into the dirt road running northwardly toward the home of the deceased. Having crossed two or more of the switch tracks, they found their way blocked by a cut of freight cars standing upon one of the tracks, as commonly happened, and one of the men with the deceased climbed over the coupling between two of the cars, while the deceased and another companion climbed under. At this moment the cars were kicked violently by a yard locomotive some distance away down the track, and the deceased was killed. There is evidence that one or both of Moore's two companion workmen, after starting across the yards on their way home, planned to catch a passing freight train and ride north thereon in the direction of their homes, located some distance beyond Moore's home, and were hastening across the tracks for this purpose; but it is not established other than by inference that Moore was a party to this plan.

It is insisted for the railroad company that the injury did not arise out of and in the course of the employment of the deceased; also, that the injury was due to the employee's willful misconduct in choosing a more hazardous way than necessary; and, further, that he was at the time of the injury contemplating and proceeding to perform the unlawful act of swinging onto a moving train.

With respect to the last-mentioned insistence, it is only necessary to say that the evidence does not sufficiently establish, as already indicated, the fact that Moore's movements on this occasion, either the direction he was following or fatal crossing between the cars he attempted, were controlled by a purpose to board a moving train. Nor do the facts warrant a finding that he was guilty of such willful misconduct as under section 10 of the act cuts off recovery. The deceased was undoubtedly guilty of negligence and thoughtlessness of consequences; but "willful" implies intentional, a purpose more or less deliberate, and no such purpose can be imputed to this deceased on the facts appearing. He and his companions, all experienced in traversing railway yard tracks, with their constantly shifting obstructions, and accustomed daily to just such risks, were doubtless careless, and more or less reckless of their personal safety, as men of like occupation appear soon to become. And while, as before suggested, the deceased and his companions, in the exercise of caution, might have somewhat more safely followed the pathway which led northwardly, west of the tracks, to a crossing point where the tracks were reduced in number, this way was not free from difficulties of travel, nor from danger, and it can hardly be held that the employees shall be limited to such a choice under the circumstances. The

witness for the defendant, Bottsford, who for twenty years had worked as an engineer in these yards, himself makes it clear that for many years it had been the daily custom of men working on the repair tracks to pass to and fro over the intervening switch yard tracks in going to and coming from their work at whatever points happened to be most convenient to them.

Now the finding of the learned trial judge was "that the accident complained of does not grow out of and in the course of the deceased's employment."

There is no conflict in the evidence, and it remains only to construe the law applicable to the undisputed facts. Giving to the act that "equitable construction" which it requires by section 47, we are constrained to hold upon the facts hereinbefore detailed that the deceased was at the time of his death within the protection of the Workmen's Compensation Act. This injury, in the language of Mr. Justice HALL, in his opinion in the case of *Patten Hotel Co.* v. *Millner,* 145 Tenn., 638, 238 S. W., 77, clearly "had its origin in the nature of the employment." But for this employment the injury would not have occurred. It was suffered while departing from, and while yet on, the premises of the employer, within a few feet of the specified place of his constant employment, and while using a course of exit which was commonly used by the defendant company's employees, and against the natural danger of which the employer, despite years of constant observance, had made no other provision. When the working place of an employer provided by him is by him so located as to make immediate access by his employees dangerous, injuries sustained by them in the course of egress and ingress must be compensated for under the statute provided.

Moreover, under the facts of this particular case it sufficiently appears by the undisputed testimony of more than one witness that the employment of the deceased was not confined to the repair track section of the yards, as already stated, but from time to time he was called upon to perform labor in and about the switch yards proper, cleaning up the tracks, gathering up loose couplings, parts, etc. Thus his employment was extended over the identical territory he was traversing when the accident occured. These conclusions are in harmony with previous recent holdings of this court. *Tennessee Chemical Co.* v. *Smith,* 145 Tenn., 552, 532, 238 S. W., 97; *Patten Hotel Co.* v. *Millner,* 145 Tenn., 638, 238 S. W., 75; *Johnson Coffee Co.* v. *McDonald,* 143 Tenn., 505, 226 S. W., 215; *Milne* v. *Sanders,* 143 Tenn., 602, 228 S. W., 702.

The judgment below will be reversed, and the case remanded for further proceedings in accordance with the provisions of the statute.

## On Petition to Rehear.

A petition to rehear has been filed in this cause based upon the theory that the opinion of the court handed down on a former day concedes that there is evidence that the deceased was proceeding to perform the unlawful act of swinging a moving train at the time of his injury, and that, under the rule announced in *Milne* v. *Sanders,* 143 Tenn., 603, 228 S. W., 702, and in other cases to the same effect, this court is bound by the finding of the trial judge. It is true, as stated by learned counsel, that this court will not disturb the finding of the trial judge on a question of fact in a workman's compensation case, where there is evidence to support such finding. But, as stated

in the original opinion, the record in this case presents no conflict of evidence, and it is for the court to construe and give legal effect to the undisputed facts, and in so doing we have been constrained to reach a different conclusion from that arrived at by the learned trial judge. It may be remarked that the conclusion only of the trial judge appears in the record and there is nothing to indicate what view he took of any particular evidence.

If the quotation made by learned counsel from the opinion is taken in connection with other expressions in the context, it will be seen that it was not the intention of this court to concede that there was evidence sufficient, and of a character to call for recognition as such, that the deceased was a party to a plan to perform this unlawful act, or was in course of performing it. A careful reconsideration of the record confirms us in the opinion that the evidence does not sufficiently establish the fact that Moore was hurrying to catch a train. The inference or deduction ingeniously argued by counsel is too remote to entitle it to recognition as probative evidence. Stress is laid by learned counsel upon use in the opinion of the language, "the evidence does not sufficiently establish the fact," etc., and it is insisted that this language suggests and improperly recognizes the *quantum* of evidence rule. Not at all. Evidence is insufficient to establish a fact when it fails in the legal sense to establish the fact to such a degree or extent as is necessary to entitle such evidence to judicial consideration. It is not of sufficient strength, vitality, or potentiality to support a conclusion, or afford basis for a judgment. It does not rise to the dignity of effective or probative evidence.

As to the reckless conduct of deceased, dwelt upon in the brief of learned counsel, in subjecting himself unnecessarily to danger in crossing the yards, little can be added to what has been plainly said in the original opinion. However careless, and even reckless, this conduct, it cannot be said to have been willful or intentional, so as to bar recovery under the Compensation Act. It is not within the purpose of this act to dip into the domain of contributory negligence. No degree of negligence bars. Having found that the deceased while effecting his egress from his place of work over the tracks of the defendant company was yet within the protection of the act, his right to compensation can be cut off only by proof of "willful misconduct or intentional self-inflicted injury." This is not established by the evidence in this case.

The petition must be dismissed.