ROBLYER *v.* CITY OF KALAMAZOO.

Workmen's Compensation—Policeman—Proximate Cause.

> Policeman, not a member of the motorcycle squad but who hoped to be, who was injured after going off duty and while practicing on a motorcycle which he had taken from the police garage without the knowledge, consent or instruction of his superiors was not entitled to an award of workmen's compensation where there was no causal connection between the injury and the conditions under which the work he was then employed to do or the performance of his work, the injury did not follow as a natural incident of the work he was then employed to do or an exposure occasioned by the nature thereof nor have its origin in a risk connected with his employment.

Appeal from Workmen's Compensation Commission. Submitted January 5, 1950. (Docket No. 45, Calender No. 44,577.) Decided April 3, 1950.

Hollis E. Roblyer presented his claim for compensation against City of Kalamazoo, employer. Award to plaintiff. Defendant appeals. Reversed.

*Gemrich, Moser & Cristy* and *Ned W. Deming,* for plaintiff.

*Richard H. Paulson,* City Attorney, *Robert A. Palmer,* Deputy City Attorney, for defendant.

---

References for Points in Headnotes

58 Am Jur, Workmen's Compensation, §§ 224, 233.

Injury to employee while engaged in an effort beyond the scope of his duties to increase his value to employer as one arising out of and in the course of his employment. 123 ALR 1176.

DETHMERS, J.  Plaintiff was employed by defendant city as a policeman.  He was not a member of the motorcycle squad.  Additional positions on that squad were soon to become available.  In the past recruits for it usually had come from other branches of the police department, but training in the operation and use of a motorcycle was a prerequisite to appointment.  Upon inquiry by one of his superiors, plaintiff indicated that he was interested in obtaining a position on the squad and was told that, upon qualifying himself as a motorcycle operator, he would be given an appointment.  Another officer was assigned to teach him to operate a motorcycle.  After some instruction plaintiff and his instructor went to the superior officer and told him that plaintiff was able to ride and that all he needed was further practice.  His superior replied, "Fine" "Go ahead and get your practice and as soon as an opening comes you will go on the bikes."  He was not given time to practice during his working hours.  On the day in question, when his 8-hour shift had ended plaintiff went off duty.  Thereafter he went to the police garage and, without the knowledge, consent or instruction of his superiors, took a motorcycle for the purpose of practicing on it, drove outside the city and became involved in an accident causing him injury.

From an order of the workmen's compensation commission awarding plaintiff compensation and medical and hospital expenses defendant appeals, contending that plaintiff's injury did not arise out of and in the course of his employment.  Cited contra and relied upon by plaintiff are: *Appleford* v. *Kimmel,* 297 Mich 8; *Daniel* v. *Murray Corporation of America,* 326 Mich 1; *Haller* v. *City of Lansing,* 195 Mich 753 (LRA1917E 324); *Geibig* v. *Ann Arbor Asphalt Construction Co.,* 238 Mich 560; *Mann* v. *Board of Education of City of Detroit,* 266 Mich

271. These and other cases discussed by the parties set forth the controlling tests. None of them is authority for plaintiff's contention that his injury arose out of and in the course of his employment in the instant case.

At the time of the accident plaintiff was employed as a policeman to cruise with an automobile. He was not employed to operate nor learn to operate a motorcycle. When the accident occurred plaintiff was performing an act which had no connection with the job which he was then employed to do, but only with a job he hoped to obtain in the future, an act which was of no benefit to defendant either at that time or in connection with plaintiff's then existing employment, even though it might prove some day to be of benefit to the defendant by reason of plaintiff's increased proficiency in connection with a future job, if, as and when he obtained it. Insofar as the accident and resultant injury are concerned, plaintiff's position was no different than that of any former policeman or other person not then employed by the city who might have been practicing on the motorcycle for the purpose and in the hopes of qualifying himself for a job on the motorcycle squad. Further applying the tests heretofore referred to as laid down in the cases, it is to be observed that: There was no causal connection between the conditions under which the work which plaintiff was then employed to do was required to be performed and his injuries, or between those injuries and the performance of his then duties for his employer; the work he was then employed to do was not the cause or source of his injuries; he was not acting within the ambit of his then employment when injured; his injury did not follow as a natural incident from the work he was then employed to do; he was not injured while performing an act which bore any relation to the work he was then employed to do; his

injury could not be traced to his then employment as a contributing proximate cause; his injury was not the result of an exposure occasioned by the nature of his then employment; his injury did not have its origin in a risk connected with his then employment.

The order of the workmen's compensation commission is vacated and the award set aside. Costs to defendant.

Reid, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred with Dethmers, J.

Boyles, C. J. I concur, but see the *Dershowitz Case, ante,* 386.