GONTER *v.* L. A. YOUNG SPRING & WIRE CORPORATION.

WORKMEN'S COMPENSATION—PROXIMATE CAUSE—INJURY IN PARK-
ING LOT.

> The mere fact that plaintiff employee suffered injury to ankle
> when she stepped out of car into a chuckhole in parking lot,
> owned, maintained and protected by defendant employer for
> its employees and visitors, while she was en route to work
> is not sufficient to establish a causal connection between the
> injury and her employment so as to entitle her to workmen's
> compensation for period of disability.

Appeal from Workmen's Compensation Commis-
sion. Submitted April 11, 1950. (Docket No. 36,
Calendar No. 44,479.) Decided May 18, 1950.

Rose M. Gonter presented her claim for compen-
sation against L. A. Young Spring & Wire Corpo-
ration for injuries alleged to have been sustained
while in its employ. Award to plaintiff. Defend-
ant appeals. Reversed.

*Marcus, Kelman & Loria,* for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defend-
ant.

REFERENCES FOR POINTS IN HEADNOTES

58 Am Jur, Workmen's Compensation, §§ 198, 221, 224, 228.
Workmen's compensation: Injuries while entering or leaving place
of employment as arising out of or in course of employment. 49
ALR 424; 82 ALR 1043.

REID, J.  Defendant takes an appeal in the nature of certiorari from an award of compensation made by the workmen's compensation commission to plaintiff for compensation because of an injury claimed to have arisen out of and in the course of plaintiff's employment.

Defendant recites the facts as follows:

"The plaintiff has been an employee of the defendant company for many years, and on December 8, 1947, was employed as a press operator, designated as common labor, * * * at the defendant's plant located on the northeast corner of the intersection of Clay and Hartwick avenues in the city of Detroit. The entrance to the defendant plant is on Clay avenue.

"At the easterly end of the building is an area of property owned by the defendant, which has been enclosed by a fence to provide a parking lot for company employees and visitors.  There is a plant protection man in attendance at this parking lot for a period of ½ hour in the morning and 1 hour in the evening during the change of shifts who assists in the direction of parking.  There is no specific stall assigned to production workers, although executive personnel apparently have a designated reserved space.

"Floodlights are provided so that the employees can see their way in and about the parking lot, and the area is a cinderized surface maintained by the company.  There is only 1 exit from the parking lot to which the employees are permitted to reach the entrance to the plant.  They walk out of the parking lot onto Clay avenue, turn in a westerly direction and walk down the public sidewalk to the entrance of the plant which rests immediately adjacent to the public sidewalk.  All factory employees enter and leave through this entranceway.  No pass is required to get in and out of the parking lot.  * * *

"Public transportation facilities were * * * available to the plant.  A city bus line ran on Clay

avenue directly past the plant, and the Clairmount streetcar ran on Russell street which was only 2 blocks west of the plant. There is also a third public transportation system—the St. Aubin bus which operates 2 blocks east of the plant. The employees used either of the 2 bus lines, or the streetcar line—the public transportation, or used their own private cars, either individually or through pool arrangements.

"On December 8, 1947, plaintiff was riding with fellow employees in one of these 'pool arrangement' cars, and the driver drove the car into the parking lot at about 6:50 a.m. The driver let the plaintiff out of the car some 12 to 15 feet from the gate and was about to proceed to park his car. Plaintiff took a step or two away from the car, and as she did so, she stepped into a chuckhole in the ground and sustained an injury to the left ankle which disabled her for a period of approximately 12 weeks—the period awarded by the commission. She returned to work as a press operator, and had lost no time since by reason of the injury."

Plaintiff makes no specific objection to any recital of fact as above set forth but does recite the following finding of facts and conclusions as recited in the opinion of the commission:

"The plaintiff, Rose M. Gonter, has been employed by defendant for several years. * * * The work is common labor. She came to and from work with fellow employees in a share-the-ride pool car arrangement. On December 8, 1947, she got out of the car on a parking lot adjacent to defendant's plant. She took a step or two away from the car and as she did so, stepped into a chuckhole in the ground and injured her left ankle. She was disabled as a result of the accidental injury until March 8, 1948, when she returned to her regular work as a press operator. * * *

"It is clear that the parking lot is maintained for the mutual benefit of both employees and employer.

It is a private lot solely under the control of defendant who limits its use to employees, guests and business visitors. We think the employer assumed the risks incidental to the use of the parking lot and the use of the parking lot was an incident of plaintiff's employment; therefore the injury arose out of and in the course of her employment."

Plaintiff cites and relies upon some of the reasoning set forth in *Haggar* v. *Tanis,* 320 Mich 295, and especially on page 298, as applicable to the case at bar,

"That the injury occurred *on the employer's premises* over which he had control and while the employee was engaged in conduct which had the express or implied approval of the employer, and which conduct had at least an indirect connection with the employment, even though the employee was attending his personal wants or needs."

We held in the *Haggar Case* that the employee was not injured in the course of his employment when he stepped aside from the direct course on the sidewalk in going from his employment as janitor of one of his employer's buildings to his similar work in another building of his employer, and his voluntary departure from the direct course was to enable him to enter a restaurant to eat his evening meal. The quoted excerpt from our opinion in the *Haggar Case* has no applicability to the instant case in which the employment of plaintiff was all in one building. Plaintiff Gonter was not going from one place of employment to another place of employment by the same or any other employer. Plaintiff Gonter was intending to go to the place of her employment in defendant's plant and had not as yet entered upon her day's work when she was injured. Especially we note that the words, "which conduct had at least an indirect connection with the employment," in the above excerpt from the *Haggar Case* ·do not apply

to nor describe the situation of plaintiff Gonter in the instant case.

We said in the case of *Daniel* v. *Murray Corporation of America,* 326 Mich 1, in the majority opinion, page 7,

"The mere fact that he [plaintiff] fell and was injured while in a parking lot maintained on the employer's premises for the use of the employee is not sufficient to establish a causal connection between the injury and his employment."

We say in the instant case that the injury to plaintiff Gonter under circumstances like those of Daniel in the *Daniel Case,* did not occur while plaintiff Gonter was doing anything that had a causal connection with her employment. The instant case is clearly governed by the majority opinion in the *Daniel Case.*

The award by the commission is reversed. Costs to defendant.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.