## NELSON v. COUNTRY CLUB OF DETROIT.

1. WORKMEN'S COMPENSATION—LIGHTNING—EXPERT TESTIMONY—FINDING OF COMMISSION—CADDY AT GOLF CLUB.
   Electrical engineer's testimony as expert in the field of lightning that persons in wide open spaces were subject to greater hazards from lightning than those in or near buildings, in protected areas, or in small open spaces failed to support workmen's compensation commission's finding that caddy's injuries from lightning while standing under tree at golf club arose out of his employment (CL 1948, § 412.1).

2. SAME—PROXIMATE CAUSE.
   An employee's injuries which are in no way caused by or connected with his employment through any agency of man, which

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 58 Am Jur, Workmen's Compensation, § 209 et seq.

combined with the elements to produce the injuries, are not compensable under the workmen's compensation act (CL 1948, § 412.1).

3. SAME—CADDY AT GOLF CLUB—LIGHTNING—EXPOSURE OF PUBLIC GENERALLY.

A caddy at a golf club is no more exposed to injuries from lightning than is the rest of the community generally, hence his injuries received from stroke of lightning are not compensable under the workmen's compensation act (CL 1948, § 412.1).

Appeal from Workmen's Compensation Commission. Submitted October 4, 1950. (Docket No. 30, Calendar No. 44,832.) Decided January 8, 1951.

Frank Nelson presented his claim for compensation against Country Club of Detroit, employer, and Aetna Casualty & Surety Company, insurer, for injuries sustained when struck by lightning. Award to plaintiff. Defendants appeal. Reversed.

*Dickinson, Wright, Davis, McKean & Cudlip,* for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defendants.

DETHMERS, J. Plaintiff was employed by defendant country club as a caddy. While he was caddying, a rainstorm arose. Plaintiff, another caddy, and 3 players sought shelter under nearby trees. Lightning struck the tree under which plaintiff was standing and he was thrown to the ground, receiving electrical shock and other injuries. The deputy commissioner denied plaintiff's claim for workmen's compensation, holding that the injuries were the result of an act of God and did not arise out of his employment. The commission held, on the contrary, that plaintiff's injuries arose out of his employment*

_____
* See CL 1948, § 412.1 (Stat Ann 1949 Cum Supp § 17.151). —REPORTER.

and awarded compensation for the 3-month period of his disability and payment of medical, surgical and hospital expenses.  Defendants appeal.

Did plaintiff's injuries arise out of his employment?  *Klawinski* v. *Lake Shore & Michigan Southern Railway Co.,* 185 Mich 643 (LRA1916A, 342), and *Thier* v. *Widdifield,* 210 Mich 355, are conclusive of an answer in the negative.  Plaintiff seeks to distinguish from those cases on the basis of the existence in this case of the opinion testimony of an electrical engineer, who is an expert in the field of lightning, to the effect that persons in wide open spaces are subject to greater hazards from lightning than those in or near buildings, in protected areas, or in small open spaces.  The presence of such testimony in the record gives rise to a distinction without a difference and fails to support the commission's finding that the injuries arose out of the employment.  The test to be applied is laid down in the *Klawinski Case,* as follows:

"It is clear   *   *   *   that this injury was in no way caused by or connected with his employment through any agency of man which combined with the elements to produce the injury; that plaintiff's decedent by reason of his employment was in no way exposed to injuries from lightning other than the community generally in that locality."

There is no showing that plaintiff here was, by reason of his employment, in any way exposed to injuries from lightning other than the community generally in the locality in question or that there was anything about his employment which, through any agency of man, combined with the elements to produce the injury.

Reversed.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.