STORNANT *v.* LICARI-PACKARD GROSSE POINTE, INC.

1. Workmen's Compensation—Injury En Route to Car—Metal Finisher—Arising Out of and In Course of Employment.

    Metal finisher or bumper, an employee at an automobile service garage, who furnished his own tools which he kept in his car while not in use, and who slipped and injured himself en route to his car after having completed his work for defendant, punched the time clock, washed up and left the building, was not entitled to workmen's compensation, notwithstanding he was carrying some of his tools to the car, since he was not performing any service or duty he owed to his employer and the injury did not arise out of and in the course of his employment (CL 1948, § 412.1).

2. Same—Injury on Way to or from Work—Proximate Cause.

    An injury to an employee while merely on his way to or from work, without any causal connection between his injury and his work, and without any duty to perform at that time for the employer, does not arise out of and in the course of the employment (CL 1948, § 412.1).

Appeal from Workmen's Compensation Commission. Submitted October 5, 1951. (Docket No. 45, Calendar No. 45,076.) Decided January 7, 1952.

Carmen Stornant presented his claim for compensation for personal injuries against Licari-Packard Grosse Pointe, Inc., employer, and Auto Owners Insurance Company, insurer. Award to plaintiff. De-

---

References for Points in Headnotes

[1, 2] 58 Am Jur, Workmen's Compensation § 217.
[1, 2] Injuries while entering or leaving place of employment as arising out of or in course of employment. 49 ALR 424; 82 ALR 1043.

fendants appeal.  Reversed and remanded for entry of award for defendants.

*Lacey, Scroggie, Lacey & Buchanan,* for plaintiff.

*Cary & BeGole,* for defendants.

BOYLES, J.  Plaintiff was awarded workmen's compensation by the commission and the defendants appeal.  The only question involved is whether plaintiff's injury arose out of and in the course of his employment.  More precisely, the issue is whether the injury occurred *in the course of* his employment.

Plaintiff was employed by the defendant Packard automobile service garage as a bumper or metal finisher and furnished all his own tools except a grinder.  His. tools included different sets of socket and end wrenches and air hammer, dolly blocks, and hammers of different descriptions.  While not working he kept these tools at his home and took them with him in his automobile for his own use in doing his work, which was collision work, bumping and straightening out fenders and doors, et cetera.  For his services he was paid 50% of whatever said defendant charged for his work.  He parked his automobile with his tools in it wherever he chose when he drove to work, usually on the street, but if he were going to use his heavier tools he often parked for convenience on the defendant's used-car parking lot.  On the day of his injury he had parked his automobile and tools on a lot owned by said defendant adjacent to its service garage building.

On that date he had completed his work for said defendant, had punched the time clock, washed up, and had left the building to go to his automobile, carrying with him some of his tools to place in his

automobile, when he slipped and fell and was injured. He testified:

"*Q*. Mr. Stornant, you own and furnish certain tools that you used in your work as a metal finisher, including this air hammer?

"*A*. That's right.

"*Q*. And you regularly took these tools in your car with you and took them home at night for protection as your own property?

"*A*. That's right.

"*Q*. If you were going to need them in your work during the day, you either took them in, or went out to your car during the day?

"*A*. That's right.

"*Q*. And then you took them out to your car, so you wouldn't lose them in the shop?

"*A*. That's right."

To support his claim that his injury occurred in the course of his employment plaintiff relies on *De-Mann* v. *Hydraulic Engineering Co.*, 192 Mich 594. In that case the plaintiff was employed as a common laborer by the defendant company. He had been at work in the basement of a theater building connecting water meters. The tools which he used belonged to his employer and when not in use were stored on the stage of the theater above the basement. It was one of DeMann's duties to look after his employer's tools and see that they were properly put away when the day's work was ended. He was injured while ascending or descending a flight of stairs leading from the basement to the stage floor. The Court said:

"It is undoubtedly true that the deceased was on his way from the basement to the stage for the purpose of getting his clothing, or to look after the tools, or both. There is no other apparent reason for his having been on the stairway. If his purpose was to look after the tools, that was clearly within the line of his employment."

In the instant case the facts are different. At the time plaintiff slipped and fell on the way to his automobile he was not performing any service or duty he owed to his employer but was doing something solely for himself and for his own convenience. His injury did not arise out of and in the course of his employment.

"It is well settled that, to justify an award, the accident must have arisen 'out of' as well as 'in the course of' the employment, and the 2 are separate questions to be determined by different tests, for cases often arise where both requirements are not satisfied. An employee may suffer an accident while engaged at his work or in the course of his employment which in no sense is attributable to the nature of or risks involved in such employment, and therefore cannot be said to arise out of it. An accident arising out of an employment almost necessarily occurs in the course of it, but the converse does not follow." *Appleford* v. *Kimmel,* 297 Mich 8.

In *Hickman* v. *City of Detroit,* 326 Mich 547, the plaintiff suffered a broken leg when run over by one of the defendant's buses on its premises after he had slipped and fallen while en route to turn off the motor of his parked car. He was held (syllabus) "not to have suffered a compensable injury, since it was sustained while on a mission of his own, wholly personal in character."

"An injury to an employee while merely on his way to or from work, without any causal connection between his injury and his work, and without any duty to perform at that time for the employer, does not arise out of and in the course of the employment (CL 1948, § 412.1)." *State Treasurer* v. *Kaiser-Frazer Corporation* (syllabus), 326 Mich 715.

To the same effect, see *Rucker* v. *Michigan Smelting & Refining Co.,* 300 Mich 668; *Rector* v. *Ragnar-Benson, Inc.,* 313 Mich 277; *Luteran* v. *Ford Motor*

*Co.*, 313 Mich 487; *Daniel* v. *Murray Corporation of America*, 326 Mich 1; *Roblyer* v. *City of Kalamazoo*, 327 Mich 392; *Gonter* v. *L. A. Young Spring & Wire Corp.*, 327 Mich 586; *Pilgrim* v. *Menthen*, 327 Mich 714; *Tegels* v. *Kaiser-Frazer Corp.*, 329 Mich 84; *Nelson* v. *Country Club of Detroit*, 329 Mich 479; *Lyons* v. *Ford Motor Co.*, 330 Mich 684.

The award is reversed and set aside and the case remanded for entry of an order denying compensation.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred. BUTZEL, J., did not sit.