LEWIS *v.* WORKMEN'S COMPENSATION COMMISSION.

Workmen's Compensation—Secretary—Injury Arising Out of and In Course of Employment.

> Secretary who had finished her forenoon duties and was en route out of building where offices of defendant employer were located when she was injured while about to pass through the revolving door did not sustain an injury arising out of and in the course of her employment.

Appeal from Workmen's Compensation Commission. Submitted October 9, 1952. (Docket No. 34, Calendar No. 45,355.) Decided December 9, 1952.

Rena E. Lewis presented her claim for compensation against Workmen's Compensation Commission, employer, and State Accident Fund, insurer, for injuries suffered. Award to plaintiff. Defendants appeal. Reversed and remanded for entry of award denying compensation.

*Buell Doelle,* for plaintiff.

*Harry F. Briggs* (*Peter Munroe,* of counsel), for defendants.

Boyles, J. On December 20, 1950, plaintiff was an employee of the defendant workmen's compensation commission. She was the secretary of one of the

References for Points in Headnotes

58 Am Jur, Workmen's Compensation §§ 217, 221.
Injury to employee while going to or from work during lunch hour. 141 ALR 862.
Injuries while entering or leaving place of employment as arising out of or in course of employment. 49 ALR 424; 82 ALR 1043.

commissioners and was employed in the commission's offices on the 6th floor of the State office building in Lansing. Her lunch hour was from a quarter to twelve to a quarter to one. On the above date she had finished her forenoon duties at a quarter to twelve and had left the offices of the commission on her way out of the building for her lunch. She had no further duty to perform for her employer until the end of her lunch hour. She was on no mission for her employer. A few minutes later while on the way out of the State office building she was injured while about to pass through the revolving door. She applied for and was granted compensation by the commission. Then the commission joined with the State accident fund which carried its compensation liability and asked this Court for leave to appeal in the nature of certiorari from its said order allowing compensation. Leave was granted.

Plaintiff's injury did not arise out of and in the course of her employment. The following cases so hold: *Haggar* v. *Tanis,* 320 Mich 295; *Daniel* v. *Murray Corporation of America,* 326 Mich 1; *Hickman* v. *City of Detroit,* 326 Mich 547; *State Treasurer* v. *Kaiser-Frazer Corporation,* 326 Mich 715; *Gonter* v. *L. A. Young Spring & Wire Corporation,* 327 Mich 586; *Pilgrim* v. *Menthen,* 327 Mich 714; *Tegels* v. *Kaiser-Frazer Corporation,* 329 Mich 84; *Kelly* v. *Dixie Fuel & Supply Co.,* 329 Mich 466; *Stornant* v. *Licari-Packard Grosse Pointe, Inc.,* 332 Mich 210; *Saily* v. *500 Bushel Club,* 332 Mich 286.

The commission cited *Weaver* v. *General Motors Corporation,* 330 Mich 404. In that case, as the opinion points out, at the time when the employee was injured her duties to her employer were not ended, she was not solely on a mission of her own, and she was injured while going from one place to another on the premises of her employer where she had another duty to perform for her employer,

within the ambit of her employment. The distinction between that case and the instant one, and also those above cited, is plain.

Reversed and remanded with directions to enter an order denying compensation.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.