Mrs. Mildred K. Bennett *v.* Vanderbilt University

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

Rehearing denied April 7, 1955.

(1)

GOODPASTURE, CARPENTER & DALE, of Nashville, for plaintiff.

BASS, BERRY & SIMS, of Nashville, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is a Workmen's Compensation case in which Mrs. Bennett seeks to recover compensation from Vanderbilt University by reason of serious injuries suffered as a result of her falling on a parking lot belonging to the University and located across the street from the University Hospital building where she was employed.

The Trial Judge dismissed her petition and the case is here on her appeal.

The material facts are that plaintiff, appellant, had been employed for approximately five years as a division clerk on the fourth floor of Vanderbilt Hospital which is located on a part of the property of the University northwest of the intersection of Garland Street and 21st Avenue South, in Nashville. Garland Street runs approximately east and west and 21st Avenue approximately

north and south. Thus the building in which she was employed lies to the north of Garland Street; across Garland Street on the south side of same there are several parking lots owned by the University. There are several ways of approach to this building and several entrances but the one customarily used by petitioner is at the end of a driveway on the University grounds leading from the north side of Garland Street to this particular entrance to the building.

At the time plaintiff was first employed by the University she told her employer that she had an automobile which she considered much more convenient to use than the public transportation to and from her work, as a result of which she was furnished with a sticker for her automobile which entitled her to park on the parking lots above mentioned.

An effort was made to show in behalf of petitioner that it was a part of the contract of employment that she was to have this free parking space but since the Trial Judge has found that fact against her and there is material evidence to support his finding, the said finding is binding on this Court.

The fact is there was no reservation of any particular parking space for any employee or student, as many more stickers have been issued than the available parking space would accommodate, and all those who chose to use their automobiles park wherever they chose either on some part of the parking areas or on the street, depending upon where available space may be found at the time. There is no requirement that any of the employees or students come to the campus in their automobiles and a large number of them come by public or other means of transportation. The purpose in registering the names of the holders of stickers obviously was to limit the permis-

sion to park on these parking areas to those to whom they should be issued and to eliminate the general public.

On the date plaintiff was injured she had finished her work for the day for the University, had emerged from the building at the entrance or exit she normally used, although she was not required to use any particular entrance or exit, had walked along the driveway which led from this entrance to Garland Street, and along the sidewalk on Garland Street, then across this Street into the parking lot toward her automobile.

The University had had placed on the parking lot lines of wooden timbers, placed end to end, in order to separate the lines of automobiles which might be parked there. Petitioner while attempting to step across one of these timbers, tripped and fell, suffering serious injury.

When she left the Hospital building her work for the day had ended until next morning and it does not appear that she was subject to call nor that the University had any control over her activities in the interim.

Several of her assignments of error are predicated in part on the insistence that the act of the University in permitting her to park on this parking area was a part of the contract of employment. We have already disposed of that contention above and that factor is no longer material in the consideration of the case.

The question, therefore, is whether or not an employee is entitled to compensation for injury on the premises of the employer when she has completed her day's work and left the part of the premises where she is required to be for her work, has crossed a public street following a route which she chose to but was not required to take, in going to her automobile which was parked on another part of the premises of the employer where she was permitted but not required to park her automobile,

and when the use of her automobile in going to and from home to work was of no interest to her employer but done for her own convenience.

Stated broadly, the question is whether or not her injuries arose out of and in the course of her employment.

The Trial Judge was of opinion that this case is controlled by the principles announced in *Smith* v. *Camel Mfg. Co.,* 192 Tenn. 670, 241 S. W. (2d) 771.

Although the fact was in that case that the accident did not occur on any premises or property belonging to the employer but on a public sidewalk, we think the Trial Judge was correct. In that case on page 678, of 192 Tenn., on page 774 of 241 S. W. (2d) the Court said:

"It is apparent from the foregoing quotation that this Court has rejected the general statement that an accident suffered by an employee in going to and from work was compensable if it occurred on the employer's premises, or so near the place of employment as reasonably would be regarded as in effect at the place, unless there were some special considerations as the requirement of use of a special road or way, or if the manner of travel or the way of travel was within the contemplation of the contract of employment."

The Court was dicussing the "so close" rule which is applied in some states but was rejected by this Court in that case.

The last part of that opinion attempts to lay down a workable rule that if a process of going to and from is furnished by the employer or is required by the employer to be done in a certain manner or over a certain way, and this submits the employee to a definite special hazard, then in such event such accidents are compensable; otherwise not, as the employee is not to be considered in the

course of his employment until he has actually arrived at his place of employment, ready to begin his activities in the employer's work. The same rule would apply in reverse where the employee has finished his work for the day and has left the part of the premises where he is required to be in order to do his work, or has traversed the expressly or impliedly required route in leaving the place of work.

It is implicit in this case and in the cases cited and discussed in that opinion, as well as in prior Tennessee cases, that the mere fact that the employee is on the premises or property owned by the employer at the time the employee is injured, is not determinative. For example:—in the *Patten Hotel Co.* v. *Milner,* 145 Tenn. 632, 238 S. W. 75, a cook in the Hotel kitchen became overheated as frequently occurred in that kitchen, fainted and stepped into the public alley to get fresh air and was injured by a passing motor vehicle. Compensation was allowed because the customarily overheated condition of the kitchen made it necessary for employees to step out of the premises into the alley so that there was a causal connection between the employment and the injury.

In the case of *Moore* v. *Cincinnati, N. O. & T. P. R. Co.,* 148 Tenn. 561, 256 S. W. 876, the deceased employee was a laborer in that portion of the premises of the defendant known as the repair yard which was contiguous to another portion of the premises known as the switch yard. The deceased was killed while attempting to crawl under a train while he was on his way from the repair yard across the switch yard in the direction of his home. There were mentioned in the case two distinct portions of property belonging to the defendant employer. A recovery was allowed on two grounds. First, because this route was much shorter and easier of use and was commonly used by the

other employees and, although fraught with natural danger all known to the employer, no other provision had been made against such danger, and second, 148 Tenn. at page 568, 256 S. W. at page 878, it appears that the work of the deceased was not confined to the repair yard but from time to time he was called upon to work in and about the switch yard. The Court said:

"Thus his employment was extended over the identical territory he was traversing when the accident occurred."

As pointed out by counsel for defendant, there is a distinction between the "premises" and the "property" of the employer, as used in compensation cases. While all property owned by an employer may be likewise called "premises" in general usage, it is obvious from our cases, that "premises" under our compensation statute means the part of the property where the employee is to do his work, including that part which he is required to use for ingress and egress.

The above distinction is pointed out in *Young* v. *Hamilton Watch Co.,* 158 Pa. Super. 448, 45 A. (2d) 261.

Defendants have cited several cases in addition to the one next above mentioned involving injuries on parking lots which hold that the mere fact that an employee on the way to and from work is injured in a parking lot maintained by the employer for the use and convenience of employees does not bring such injury within the course of the employee's employment. We have read them and without discussion, other than to say that they are in accord with our previous decisions and the rule laid down in *Smith* v. *Camel Mfg. Co.,* supra, we list the same as follows: *Daniel* v. *Murray Corporation of America,* 326 Mich. 1, 39 N. W. (2d) 229; *Dinsmore's Case,* 143 Me. 334, 62 A. (2d) 205; *Stornant* v. *Licari-Packard,* 332 Mich. 210,

50 N. W. (2d) 762; *Sheridan* v. *Glen Alden Coal Co.*, 160 Pa. Super. 115, 50 A. (2d) 540; *Gonter* v. *L. A. Young Spring & Wire Corp.*, 327 Mich. 586, 42 N. W. (2d) 749.

Petitioner cites three cases: *Rogers' Case*, 318 Mass. 308, 61 N. E. (2d) 341, 159 A. L. R. 1394; *Dewar* v. *General Motors Corp.*, 19 A. (2d) 194, 19 N. J. Misc. 297; *E. I. DuPont DeNemours Co.* v. *Redding*, 194 Okl. 52, 147 P. (2d) 166.

A study of these three cases will disclose they are not in accord with the rule we have laid down, supra.

The New Jersey case makes no distinction as to "premises" and "property", it cites *McMillin* v. *Calco Chemical Co.*, 188 A. 694, 15 N. J. Misc. 68, which seems to fall under one of the exceptions to our rule, because apparently the decedent was killed while using the access road to the plant provided by the employer on its property.

The Oklahoma case contains the peculiar fact that the employer was required by contract with the U. S. Army to operate and maintain the parking lot, so that the opinion states it was done for the mutual benefit of both employer and employee (as well as the general public).

The Massachusetts case represents a change in decisions brought about by a change in the statute in 1927, as amended in 1930, for which see discussion in *Daniel* v. *Murray Corporation of America*, supra.

It is our opinion, therefore, that the judgment of the Trial Court was correct and the same is affirmed with costs.