Zelpha **HARVEY**

v.

**MICHIGAN MUTUAL LIABILITY
COMPANY.**

**Civ. A. No. 5081.**

United States District Court
E. D. Tennessee, N. D.

Jan. 6, 1965.

Allen M. Elliott, Knoxville, Tenn., for plaintiff.

W. P. Boone Dougherty, Poore, Cox, Baker & McAuley, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This is a workmen's compensation case. Mrs. Zelpha Harvey was employed by the Southern Athletic Company of Knoxville as a seamstress and on August 19, 1963 at around 4:00 p. m., or a short time prior thereto, had completed her work and was walking towards the checkout clock intending to check out, being part of a line of employees who were preparing to check out. She says that while in the line and while walking past a box that was located to the left of the left side of the pathway in which she was walking that she stumbled over the box and as a result sustained a broken hip.

Plaintiff says further that her accident and injuries arose out of and in the course of her employment and that she is entitled to workmen's compensation benefits under the Tennessee law.

The defendant, Michigan Mutual Liability Company, the workmen's compensation carrier for Mrs. Harvey's employer, denies liability. It says that Mrs. Harvey did not sustain an accident arising out of and in the course of her employment.

Defendant says that in the evening on Sunday, August 11, 1963, while at her home she tripped and fell over a chair in her dining room and fell to the floor on her left hip. The left hip is the one that Mrs. Harvey claims was injured while in the performance of her work.

Defendant says that Mrs. Harvey sustained an impacted fracture to her left hip on the occasion of her fall at her home. The insurance company says that the impacted fracture occurred in the neck of the left hip or femur and did not displace at the time; that the following morning, August 12, 1963, her husband telephoned a fellow employee of his wife and advised her that his wife had fallen at home on the previous evening and that he thought, as did his wife, that she had broken her hip; that shortly after this telephone call the husband called the supervisor at Mrs. Harvey's employment and advised him that his wife would not be able to return to work for the reason that she had fallen at home and injured herself; that Mrs. Harvey remained off from work until Wednesday, August 14, 1963, at which time she returned to work and continued working that particular week through Saturday, August 17, 1963; that while at work from August 14, 1963 through August 17, 1963, Mrs. Harvey limped and walked with the aid of a cane; that on Monday, August 19, 1963, she returned to work and worked the entire day until approximately 4:00 p. m., and at that time she prepared to leave her place of employment and began walking toward the time clock in the midst of a line of fellow employees, which line at that time was almost stationary; that at that time and place she suddenly and without warning slowly slumped to the floor but was caught and held by one of her fellow employees who was walking behind her before her body actually came in contact with the floor.

Defendant denies that Mrs. Harvey stumbled on a box in the passageway or on any other object, and defendant says there was no obstruction in the pathway at the time she fell. Defendant says that Mrs. Harvey stated to several of her fellow employees in the vicinity at the time she was in the act of falling, or immediately thereafter, that "my leg gave way."

The defendant says further that Mrs. Harvey sustained an impacted fracture in the fall at home; that said fracture became displaced and gave way on Monday, August 19, 1963, and that said displacement was in no way related to her employment.

The first issue for determination is whether there is any causal connection between Mrs. Harvey's injuries and her work. If there was a causal connection, that is to say, if her injuries originated with her work, she is entitled to recover workmen's compensation benefits; if there is no causal connection between

her injury and her work, then she is not entitled to recover workmen's compensation benefits.

■ In determining this question, the Court must follow the rule of law laid down by the Supreme Court of Tennessee, namely that an accident arises out of the employment if it occurs from a risk reasonably incident to the employment and if it is in some sense due to the employment.

■■ One test used is that an injury arises out of the employment if the employment is one of the contributing causes without which the accident would not have happened if in fact it did happen. The fact that the employee is injured at the place of his work and while engaged in his work is not sufficient alone to establish an accident arising out of his employment. 58 Am.Jur., Section 2011, at pages 718–720.

■ The Tennessee courts have stated that the phrases "arising out of employment" and "in the course of employment" are not synonymous.

■ The fact that an employee sustains an injury during the course of his employment does not necessarily establish the further fact that the injury arose out of and in the course of his employment.

■ The Tennessee appellate courts have also stated that if it is apparent to the rational mind upon consideration of all the circumstances that a causal connection exists between the condition under which the work is required to be done and the resulting injury, then the accident arose out of the employment. Sandlin v. Gentry, 201 Tenn. 509, 300 S.W.2d 897 (1957). See: Bennett v. Vanderbilt University, 198 Tenn. 1, 277 S.W.2d 386; Dickey Manufacturing Co. v. Moore, 208 Tenn. 576, 347 S.W.2d 493.

It was stated by the Court in the case of McAdams v. Canale, 200 Tenn. 655, 294 S.W.2d 696 (1956), that the phrase "arising out of employment" refers to the origin of the injury, while the phrase "in the course of employment"

refers to the time, place and circumstances under the Tennessee Workmen's Compensation statute. See also, Thornton v. RCA Service, Inc., 188 Tenn. 644, 646, 221 S.W.2d 954 (1949).

■ The facts in this case show that the claimed injury of Mrs. Harvey occurred in the course of her employment in that her limb gave way while she was in a line proceeding towards the time clock for the purpose of checking out after she had completed her day's work. The critical question is whether her injury arose out of her employment.

If she sustained an impacted fracture to her femur at her home on August 11, 1963 and the bone at the fracture did not separate until August 19th while she was proceeding to check out, and if she did not meet with an accident in the course of her employment and arising out of her employment, there could be no causal connection between her work and her injury. If she stumbled over boxes that were in the pathway or so near the pathway she was using to go to the time clock in order to check out and her stumbling on the boxes caused her to fall and fracture her femur or left hip, she is entitled to recover because in that situation her injury would have arisen out of an accident that occurred during the course of her employment.

■ This Court is bound by the rules of law in a workmen's compensation case as well as all other cases. The rules of law in a workmen's compensation case as a rule are much more liberal in favor of an employee than are the rules in a common law tort case in which a person sustains injuries by reason of the fault of a third party. But with all the liberality in the construction of the rules in favor of the injured employee, the upper courts of Tennessee, as well as the applicable workmen's compensation statutes, require the injured employee to show first an injury, second that the injury arose out of and in the course of the employee's employment, or to put it in another way, the burden of proof is upon the employee to show a causal connection between the injury and the work or employment.

The employee in this case has shown clearly an injury to her left hip. The sympathy of this Court is with Mrs. Harvey as is always the case involving an injured employee.

This Court has observed Mrs. Harvey carefully during her testimony and has reached the definite conclusion that she is a person of fine character and that her testimony is entitled to much weight. If the Court could stop with her testimony it would not have any difficulty in deciding the case in her favor. But under the rules of law, the Court cannot decide the case upon the testimony of one person even though that person be the complaining party if there is other reliable and credible testimony on the same subject.

What is the situation in this case? Mrs. Harvey thinks that she fell over a box on the occasion of her injury and that box was in the pathway in which she was walking. What is the other testimony on the subject?

The woman who was walking in front of her stated in substance that after feeling a jolt on her shoulder as the result of the falling of some person, she looked around and observed Mrs. Harvey sinking. About that time Mrs. Harvey says, "I will be all right. It is my leg again." This witness was Evelyn Keith who testified that she was walking in front of Mrs. Harvey at the time of the occurrence which is the subject of this lawsuit. She testified positively that there was no obstruction in the form of boxes or of any other objects in that pathway on the occasion of Mrs. Harvey's injury.

Louise Keith, who is a sister-in-law of Evelyn Keith, was immediately behind a Mrs. Coward who was in the same line, and her testimony corroborated the testimony of Evelyn Keith. Both of these women stated in substance that Mrs. Harvey went down slowly and that the line was either stopped or was moving slowly at the time she went down. Each of these women stated that there was no box, that there was neither a box nor any other obstruction in the pathway in which Mrs. Harvey was walking.

But we do not stop with the testimony of the Keith women. We must examine the testimony of Mrs. Coward who was in the same line and was immediately behind Mrs. Harvey. Mrs. Coward was in a position to see, and she says she did see, everything that took place on the occasion of Mrs. Harvey's injury. Mrs. Coward stated that plaintiff went down slowly and that she put her hand on the table but that there was nothing in the pathway in which she was walking which caused her to fall.

Now we have three women who appeared in Court, and the Court reached the impression from their testimony that they were doing their dead level best to tell the truth.

Under these circumstances, has Mrs. Harvey borne the burden in showing by the preponderance of the evidence that she sustained an accident arising out of and in the course of her employment? The trier of the facts does not determine the preponderance of the evidence and the weight of the evidence necessarily on the number of witnesses who testify on a subject, but the trier of facts must determine from all the testimony in the case on which side the proof preponderates or whether it preponderates on either side. If it does not preponderate on either side then it is evenly balanced and plaintiff's case must fail.

Plaintiff testified herself that she had a fall on the Sunday night at her home and that she hurt her left leg on August 11, 1963 at her home. She frankly admits that the limb was sore and so sore that she thought it proper to use a cane to assist her in walking with the injured leg, and she used the cane after she returned to work every day until the day that she sustained her injury.

The proof is divergent on the question of whether her husband called in to an employee of the employer and told the employee in substance that his wife had fallen on her hip and that she felt and he felt that she had broken her hip.

Both Mr. and Mrs. Harvey deny that those statements or any like them were made to the employee of the defendant. The Court accepts the testimony of Mr. and Mrs. Harvey on that subject. But Mr. Harvey did call Miss Bonnie Reed, one of the employees of the employer, and stated to her in substance that his wife was injured in a fall Sunday night, that she sustained an injury to her left leg, and because of her injury she could not return to her work that day.

 In the opinion of the Court, and the Court finds, that plaintiff has not carried the burden of proof or has not shown by a preponderance of the evidence that her injury arose out of her employment.

Counsel will prepare a formal order in conformity with the views expressed herein.