WHETRO v. AWKERMAN.

OPINION OF THE COURT.

1. WORKMEN'S COMPENSATION—ARISING OUT OF EMPLOYMENT.
The receipt of workmen's compensation benefits is contingent upon the existence of an injury arising out of the claimant's employment (CLS 1961, § 412.1).

2. SAME—INJURY—ARISING OUT OF EMPLOYMENT.
An injury arises out of the employment if it arises out of the nature, conditions, obligations, or incidents of the employment, and an employee who, in the course of his employment, is hurt by contact with something directly connected with his employment, receives the personal injury arising out of his employment even though the force that caused the contact was not related to his employment (CLS 1961, § 412.1).

3. SAME—TORNADO—ARISING OUT OF EMPLOYMENT.
Award of workmen's compensation to caretaker who was injured when a tornado caused a cottage in which he lived on employer's land to collapse on him *held*, proper (CLS 1961, § 412.1).

DISSENTING OPINION.

J. H. GILLIS, J.

4. WORKMEN'S COMPENSATION—INJURY SUSTAINED BY NATURAL FORCE.
*An employee who is injured by some natural force such as lightning, a tornado, the heat of sun, or extreme cold, which in itself has no connection with the employment cannot recover unless the employment exposed him in a special degree to suffering such an injury (CLS 1961, § 412.1).*

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 131, 132, 209.
[2] 58 Am Jur, Workmen's Compensation § 210.
[3, 4] 58 Am Jur, Workmen's Compensation §§ 258–260.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 December 5, 1967, at Grand Rapids. (Docket No. 3,110.) Decided April 3, 1968. Leave to appeal granted June 25, 1968. See 381 Mich 757.

Carl Whetro presented his claim for workmen's compensation against Louva B. Awkerman, employer, and Michigan State Accident Fund. The appeal board affirmed the referee's award to plaintiff. Defendants appeal. Affirmed.

*Warner, Norcross & Judd* (*Wallson G. Knack,* of counsel), for plaintiff.

*Munroe, Russell, Hammer & Nobach,* for defendants.

BURNS, J. The workmen's compensation appeal board affirmed a referee's award to plaintiff, a caretaker for Louva B. Awkerman. On leave granted, Mrs. Awkerman and her workmen's compensation carrier, the Michigan State Accident Fund, appeal from this decision.

Plaintiff and his wife lived in a small cottage on the premises of Mrs. Awkerman. As plaintiff went to the basement of the cottage on the evening of April 11, 1965, a tornado caused the dwelling to collapse upon plaintiff. Although defendants do not agree that at the time the tornado struck plaintiff was "in the course of his employment" within the terms of CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151), they concede that this was a factual question which is not before the Court. The sole issue raised by the defendants is:

"Are injuries to an employee in the course of his employment considered to arise out of the employ-

ment when they are caused by an act of nature or an act of God?"

The receipt of workmen's compensation benefits is contingent upon, among other things, the existence of an injury "arising out of" the claimant's employment. CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151). While the Supreme Court of Michigan has on 4 occasions considered the effect of this clause as it relates to lightning* it has never considered the effect of this clause as it relates to tornados. Therefore, we do not have any precedent in this State as to the interpretation of the clause "arising out of" the claimant's employment where the injuries are connected with damages caused by a tornado.

There is a split of authority throughout the country on this issue. We hereby adopt the theory advanced by the supreme court of Massachusetts in *Caswell's Case* (1940), 305 Mass 500, 502 (26 NE2d 328, 330) where a hurricane caused a brick wall to collapse on the claimant, and the court said:

"There is another principle upon which the employee, in our opinion, is entitled to compensation. Unquestionably the injury was received in the course of his employment. The only other requirement is that the injury be one 'arising out of' his employment. It need not arise out of the nature of the employment. An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects. *Thom* v. *Sinclair,* [1917] AC 127, 142, 143. An employee who, in the course of his employment, is hurt by contact with something directly connected with

---

\* *Kroon* v. *Kalamazoo County Road Commission* (1954), 339 Mich 1; *Nelson* v. *Country Club of Detroit* (1951), 329 Mich 479; *Thier* v. *Widdifield* (1920), 210 Mich 355; and *Klawinski* v. *Lake Shore & M. S. R. Co.* (1915), 185 Mich 643 (LRA 1916A, 342).

his employment, receives a personal injury arising out of his employment, even though the force that caused the contact was not related to his employment. *Thom* v. *Sinclair*, [1917] AC 127, 134–136. Lord Atkin, in *Brooker* v. *Thomas Borthwick & Sons* (Australasia), Ltd., [1933] AC 669, 677, stated the principle thus: 'If a workman is injured by some natural force such as lightning, the heat of the sun, or extreme cold, which in itself has no kind of connection with employment, he cannot recover unless he can sufficiently associate such injury with his employment. This he can do if he can show that the employment exposed him in a special degree to suffering such an injury. But if he is injured by contact physically with some part of the place where he works, then, apart from questions of his own misconduct, he at once associates the accident with his employment and nothing further need be considered. *So that if the roof or walls fall upon him,* or he slips upon the premises, there is no need to make further inquiry as to why the accident happened.' " (Emphasis supplied.)

Affirmed. Costs to appellee.

HOLBROOK, P. J., concurred with BURNS, J.

J. H. GILLIS, J. (*dissenting*). I do not think that the "lightning" cases cited in the majority opinion can be satisfactorily distinguished; I therefore feel constrained to dissent and to vote for reversal on the authority of those 4 cases cited in the footnote of the majority opinion.