THE SHELBY MUTUAL INSURANCE CO.

*v.*

ALTA JEAN CATES (WALL).

446 S.W.2d 682.

(*Knoxville,* September Term, 1969.)

Opinion filed October 31, 1969.

J. H. HODGES, Knoxville, for plaintiff in error.

D. H. ROSIER, JR., Maryville, for defendant in error.

Mr. Justice McCanless delivered the opinion of the Court.

The petitioner, Mrs. Alta Jean Wall, seeks a recovery under the Workmen's Compensation Act for injuries she sustained while employed by John B. Sparks, operator of the Dwarf Drive In Restaurant in Maryville. The employer's insurer has appealed from a judgment in the petitioner's favor, insisting that the injuries that the petitioner sustained did not arise from and grow out of her employment within the meaning of the Act.

Mrs. Wall drove her automobile to and from her work at the restaurant, though her employer did not require her to do so, and she used it only for her own convenience; she parked the car on the premises with her employer's permission; this, too, being for her convenience and not for that of her employer.

The petitioner had asked for and had been granted permission to leave the restaurant to go somewhere to get a dress that she wanted to wear that night. This was a personal mission, unrelated to her employment. As she left the restaurant building and had gone a short distance toward her automobile, she was struck by another car and suffered the injuries for which she seeks compensation.

The Circuit Court and the petitioner have relied on the opinion of this Court in *Moore v. Cincinnati, N. O. & T. P. R. Co.*, 148 Tenn. 561, 256 S.W. 876 (1923). That case, however, must be distinguished from this one in

that the route the deceased employee, Moore, took when he met with his fatal accident was much shorter and easier of use than another available route, and the employer had made no provision for the protection of its employees from the dangers it knew existed. In this case it does not appear that the premises were dangerous and the petitioner might have used other means of transportation or have left her automobile at a place other than on the restaurant premises.

The opinion of this Court in *Bennett v. Vanderbilt University*, 198 Tenn. 1, 277 S.W.2d 386 (1955), is, we believe, controlling. In that case the petitioner, as she left her work at the end of the day fell in a parking lot operated by her employer in which she was allowed but not required to park her car while she was on duty. She was denied a recovery.

We are of opinion that under the facts of this case, about which there is no controversy, the petitioner was on a personal mission unrelated to her employment, that her employment was suspended when she sustained her injury, and that she is not entitled to recovery.

The judgment of the Circuit Court is reversed.